(72 Misc. Rep. 402.)

### AUTO SPRING REPAIRER CO. v. MUTUAL AUTO ACCESSORIES CO. OF AMERICA.

(Supreme Court, Appellate Term.   June, 1911.)

SALES (§ 23*)—CONTRACTS—EXECUTORY CONTRACTS.

Where a seller, receiving an order for goods for delivery in installments, did not accept the order, but delivered a part of the installments, when the buyer canceled the order, there was no binding executory agreement, and the seller, to the extent of delivery or proper tender before cancellation, could recover as on an executed contract, but no further.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 44–48; Dec. Dig. § 23.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Auto Spring Repairer Company against the Mutual Auto Accessories Company of America. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Edgar N. Dollin, for appellant.
George A. Hoffman, for respondent.

PER CURIAM. Plaintiff seeks to recover the purchase price of the balance of goods alleged to have been bought by the defendant under a contract between the parties. The learned trial judge awarded judgment in plaintiff's favor for the full amount. Defendant sent to plaintiff an order for 12 gross of goods, to be delivered 1 gross per month. This order was never accepted by plaintiff, which, therefore, never agreed to deliver the goods. After plaintiff had delivered a number of installments, the defendant wrote, in substance, that it would receive no more of these goods. There was also a tender of some of the goods by plaintiff at or about this time.

No binding executory agreement arose from the transaction. White v. Kingston Motor Car Co., 69 Misc. Rep. 627, 126 N. Y. Supp. 150, and cases therein cited. The mere delivery of some installments under this order did not change its character. Chicago & G. E. R. Co. v. Dane, 43 N. Y. 240; Quick v. Wheeler, 78 N. Y. 300. To the extent that goods were delivered or properly tendered before defendant canceled the order, the plaintiff may be entitled to payment as upon an executed contract; but no recovery can be had on the agreement as an executory one. As the judgment, therefore, is manifestly based upon a misconception of the character of the cause of action and of the amount of damages to which plaintiff may be entitled, it must be reversed.

Defendant claims that by means of a previous action, not prosecuted to judgment, the plaintiff has elected a remedy inconsistent with the present one; but I find that there has been no such election, because, apart from any other consideration, the complaint in the first action is so vague and indefinite as to render it quite impossible to understand on what theory it was drawn, or to warrant any just inference as to the course pursued or position taken by plaintiff before the first action was brought.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.