## CALIFORNIA ADJUSTMENT CO. v. SOUTHERN PAC. CO.

(District Court, N. D. California, Second Division.   February 24, 1915.)

1. CARRIERS ⬙202—VIOLATION OF LONG AND SHORT HAUL PROVISION—ACTION TO RECOVER CHARGES—JURISDICTION.

The United States District Court is not without jurisdiction of an action against a railroad to recover excess freight charged and collected in violation of the long and short haul clause of Const. Cal. art. 12, § 21, as amended October 10, 1911, because the plaintiff did not apply to the Railroad Commission for a reparation order, as provided by the Public Utilities Act (St. Sp. Sess. 1911, p. 59) § 71, since that section refers only to instances where the carrier's charge of an excessive or discriminatory rate is dependent upon facts ascertained from the Commission's investigation upon evidence, and does not apply to an overcharge, unwarranted as a matter of law, which falls within section 73, subd. "a," authorizing the aggrieved party to prosecute an action for loss or injury from a carrier's failure to do anything required by the Constitution or laws of the state, or any order of the Commission.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. ⬙202.]

2. CARRIERS ⬙2—CONSTITUTIONAL LAW ⬙298—VIOLATION OF LONG AND SHORT HAUL PROVISION—DUE PROCESS OF LAW.

Const. Cal. art. 12, § 21, as amended October 10, 1911, forbidding discriminations in charges or facilities, and the charge of greater compensation in the aggregate for the transportation for a shorter than for a longer haul over the same line in the same direction, where the shorter is included within the longer distance, or to charge any greater compensation as a through rate than the aggregate of the intermediate rates, is not repugnant to the due process of law clause of the United States Constitution.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 4, 5; Dec. Dig. ⬙2; Constitutional Law, Cent. Dig. § 847; Dec. Dig. ⬙298.]

3. CARRIERS ⬙12—CONSTITUTIONAL PROVISIONS—CHARGES—LONG AND SHORT HAULS.

The rates which the Railroad Commission may fix, under Const. Cal. § 22, are to be fixed in subordination to the prohibition of discrimination between long and short hauls found in section 21, and it is only rates so fixed that are to be "deemed conclusively just and reasonable," either as an obligation upon or protection to the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7–11 15–20; Dec. Dig. ⬙12.]

4. PLEADING ⬙216—DEMURRER—ANSWER.

Where none of the special defenses demurred to contain any matter tending to constitute a substantive defense, which is not covered by the denials of the answer, the objections raised by the demurrer need not be specifically considered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. ⬙216.]

At Law.  Action by the California Adjustment Company against the Southern Pacific Company.  Demurrer to several special defenses sustained, and demurrer to one special defense overruled.

⬙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. J. Harwood and Hoefler, Cook & Harwood, all of San Francisco, Cal., for plaintiff.

H. C. Booth and George D. Squires, both of San Francisco, Cal., for defendant.

VAN FLEET, District Judge. In this action, brought to recover from defendant, a common carrier, an accumulated sum of excess freight rates alleged to have been charged and collected by it from the assignors of plaintiff in violation of the so-called "long and short haul" clause of the Constitution of the state (article 12, § 21), the defendant has interposed 13 separate and distinct special defenses, each of which has been met by a demurrer and a motion to strike as constituting no valid defense. I have given the voluminous briefs and arguments full consideration, but shall content myself by stating my conclusions in a brief and general way.

[1] 1. Logically, the sixth defense, as involving the jurisdiction of the court to entertain the action, should be first disposed of. Its allegations proceed upon the theory that the court has no jurisdiction of the subject-matter of the action because plaintiff has not applied to the Railroad Commission for a reparation order as provided in section 71 of the Public Utilities Act of December 23, 1911 (chapter 14, Stats. Cal. Spec. Sess. 1911).

But this section has reference, when properly construed, only to instances where the question whether the carrier has charged an excessive or discriminatory rate is dependent upon facts to be ascertained from an investigation upon evidence taken by the Commission, as in Texas & Pacific Ry. Co. v. Abilene, etc., Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075, and Robinson v. B. & O. R. R., 222 U. S. 506, 32 Sup. Ct. 114, 56 L. Ed. 288. It can have no application to an instance where, as here, if the overcharge was made as alleged, it was unwarranted as matter of law. In such case the rate "was unlawful under any pretense or for any cause," and was not a question to be referred to the Commission (Pennsylvania R. R. Co. v. International Coal Co., 230 U. S. 184, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315), but falls within the provisions of section 73, subdivision "a," of the Utilities Act, which authorizes the aggrieved party to prosecute an action in the courts for any loss or injury arising from a failure of the carrier to do any act or thing required to be done by the Constitution or any law of the state or any order or decision of the Commission. This defense is therefore untenable.

[2] 2. The first, second, and third special defenses are founded upon the defendant's claim that the inflexible enforcement of the provision of the state Constitution in question under the conditions pleaded would operate to deprive defendant of its property without due process of law.

But that the enforcement of such a provision by the state is not repugnant to any right guaranteed by the Constitution of the United States has been distinctly announced in Louisville & Nashville Railway Co. v. Kentucky, 183 U. S. 503, 22 Sup. Ct. 95, 46 L. Ed. 298,

involving a substantially similar provision of the Kentucky Constitution; and the doctrine has been reaffirmed by that court in the Intermountain Cases. United States v. A., T. & S. F. Ry. Co., 234 U. S. 476, 34 Sup. Ct. 986, 58 L. Ed. 1408. These defenses are therefore not founded in substance.

[2] 3. The fourth defense sets up that the rates obtaining prior to October 10, 1911, when the constitutional provision was amended, were authorized by the Commission and could not be deviated from by the carrier without subjecting it to severe penalties as provided in section 22 of the same article of the Constitution.

But the answer to this is that until the amendment of October 10, 1911, empowering the Commission to relieve carriers in special instances from the effects of the long and short haul clause, the prohibition was absolute and as obligatory upon the Commission as upon the carrier. Before that amendment the Commission was as powerless to fix rates in contravention of the prohibition as the carrier was to charge them; and if it assumed to do so its act was simply void, and not only cast no obligation upon the carrier to obey its order, but afforded no protection for such obedience. There is nothing of substance in the claim that section 22, when construed in pari materia with section 21, is a limitation upon the latter, or in any respect modifies the provisions of the clause in question. Obviously the rates which the Commission is empowered to fix under section 22 are to be fixed in subordination to the prohibition found in section 21, and it is only rates so fixed that are to be "deemed conclusively just and reasonable," either as an obligation upon or protection to the carrier. Any other interpretation of the sections would be in violation of cardinal rules of construction. This defense is therefore not well taken.

The considerations affecting the fourth defense obtain as to the material substance of the eighth and tenth defenses, which proceed upon cognate lines, and therefore do not call for special notice.

[4] 4. So far as the fifth, eleventh, twelfth, and thirteenth defenses are concerned, the defendant has made no particular effort to sustain their materiality as against the objections raised by the demurrer. They need not be specifically mentioned, but it is enough to say that none of them contain any matter tending to constitute a substantive defense which is not covered by the denials of the answer.

5. As to the seventh special defense, it sets up facts which it is conceded by plaintiff, if found to be true, would constitute a valid defense to the causes of action based upon shipments moving after October 10, 1911.

It results that, as to the several special defenses, other than the seventh, the demurrers must be sustained; as to the latter, it should be overruled. Such will be the order.