[Civ. No. 3297. First Appellate District, Division One.—April 8, 1920.]

## THE PIONEER FRUIT COMPANY (a Corporation), Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

[1] CARRIERS — NATURE OF BILL OF LADING — ACTION FOR BREACH — STATUTE OF LIMITATIONS.—A bill of lading is not only a receipt for the goods consigned to the carrier for shipment but also a contract between the carrier and the shipper as to the transportation and delivery of the goods to the consignee or other person therein designated and upon the terms therein specified, and an action against the carrier for a breach thereof, if commenced within four years, is not barred by the statute of limitations.

[2] ID.—TIME FOR PRESENTATION OF CLAIM—COMPLIANCE WITH BILL OF LADING.—A provision in a bill of lading requiring claims for damages for loss or injury to goods shipped to be made in writing to the carrier at the point of delivery or of origin within four months after the delivery of the property is complied with by the giving of written notice of the claim by the agent of the consignee to the general freight agent of the delivering carrier at the time of the arrival of the shipment at its destination.

[3] ID.—ACTION FOR BREACH—APPEAL—INSUFFICIENT RECORD.—Where the record on appeal from the judgment in favor of the plaintiff in an action against the carrier for breach of its contract for the transportation and delivery of goods does not contain a copy of the bill of lading involved, the appellate court cannot know there was any provision therein as to the time within which the plaintiff's claim for damages for the breach of its terms must have been presented.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry T. Gage and W. I. Gilbert for Appellant.

Frederick R. Levee and James E. Kelby for Respondent.

RICHARDS, J.—This action was instituted by the plaintiff to recover from the defendant the sum of $2,576.25, damages alleged to have been sustained by the plaintiff in

connection with the shipment of a carload of cherries from San Jose, California, to Boston, Massachusetts, during the month of June, 1913, and which were consigned by the plaintiff to a corporation known as California Fruit Distributors through the defendant as shipper, upon a bill of lading issued in compliance with the Interstate Commerce Act.  The plaintiff's claim was based upon two alleged breaches of the contract of shipment in that, first, the defendant allowed the car in which these cherries were transported to be insufficiently iced; second, that the defendant permitted an unreasonable delay to occur in the shipment of the cherries, as a result of both of which alleged breaches of the terms of shipment the cherries arrived in Boston in a damaged condition to the plaintiff's detriment in the sum for which suit was brought.  The defendant denied specifically the averments of the complaint as to any breach of its duty as a carrier in the premises, and also pleaded that the plaintiff's cause of action was barred under the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, and was also barred under the provisions of section 3 of the bill of lading requiring claims for damages for loss or injury to goods shipped to be made in writing to the carrier at the point of delivery or of origin within four months after the delivery of the property, which claim the defendant avers was not so presented.

Upon the trial of the issues thus framed the trial court made its findings in favor of the plaintiff except as to the amount of its said damages, which it fixed at $574.  The defendant prosecutes this appeal.

[1]  The main point urged by the appellant relates to the bar of the statute of limitations under the section of the code above quoted.  It is argued by it that this is not an action upon a contract, obligation, or liability founded upon an instrument in writing, and hence that the action must have been commenced within two years after the liability arose, and that not having been so commenced it is barred under said section of the code.  In order to support this proposition the appellant argues that the bill of lading issued by the defendant to the plaintiff upon the receipt of these goods for shipment was not the contract between the parties, but was only a receipt for the goods orally consigned to the defendant for shipment; and that such consignment

being oral the action must, under said section of the code, have been commenced within two years.

We are unable to adopt this view of the appellant as to the place and function of a bill of lading in a shipping consignment. Section 2126 of the Civil Code defines a bill of lading as "an instrument in writing signed by the carrier or its agent describing the freight so as to identify it, stating the name of the consignor, terms of the contract for carriage, and agreeing to deliver the freight to a specified person at a specified place." In the American & English Encyclopedia of Law, second edition, page 521, the status and function of a bill of lading in relation to a shipment of goods are thus defined: "Although the primary object and purpose of a bill of lading is to express the terms of a contract between the shipper and the carrier, it partakes of the twofold character of a receipt and a contract; that is, it is a receipt as to the quantity and description of the goods shipped, and a contract as to the transportation and delivery of the goods to the consignee or other person therein designated and upon the terms therein specified."

In the case of *Seaboard Airline Ry.* v. *Luke,* 19 Ga. App. 100, [90 S. E. 1041], it was held in relation to an interstate shipment that the bill of lading was the contract between the parties to the shipment, citing *Georgia etc. Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190, [60 L. Ed. 948, 36 Sup. Ct. Rep. 541]; while in the cases of *Texas etc. R. Co.* v. *Williamson & Co.* (Tex. Civ. App.), 187 S. W. 354, and *New York Cent. R. R. Co.* v. *Mutual Orange Distributors,* 251 Fed. 230, [163 C. C. A. 386], it was held that the bill of lading constituted the contract for carriage between the parties, for actions for the breach of the terms of which the period of limitations was that provided for the breach of contracts in writing. We find nothing in the authorities cited by the appellant which militates seriously against these views, and hence are entirely satisfied that this action was commenced in time.

[2] As to the second point urged by the appellant, to the effect that the plaintiff did not present a proper claim for damages against the defendant within the time required by the terms of the bill of lading, we find that the record does not bear out this contention, since it sufficiently appears that written notice of the claim was given by the agent of

the consignee to the general freight agent of the delivering carrier at the time of the arrival of the shipment at its destination. **[3]** Besides, the parties to this appeal have not furnished us with any copy of the bill of lading involved in this case, and hence we cannot know that there is any such provision in it as to the time within which the shipper's claim for damages for the breach of its terms must be presented.

No other points being urged upon this appeal, the judgment is affirmed.

Waste, P. J., and Knight, J., *pro tem.*, concurred.