[C. A. No. 137. Appellate Department, Superior Court, Los Angeles County.—July 25, 1930.]

SUNSET PACIFIC OIL COMPANY (a Corporation), Appellant, v. LOS ANGELES & SALT LAKE RAILROAD COMPANY (a Corporation), Respondent.

(1 Cal. Supp. 77.)

F. W. Turcotte for Appellant.

E. E. Bennett, Harry B. Ellison and J. L. Ronnow for Respondent.

McLUCAS, P. J.—This is an action brought to recover $780 excess freight charges. The complaint was filed September 14, 1929, and alleges certain carload shipments made within four years last past, commencing September 22, 1925, and ending May 4, 1926, on which plaintiff ''was required by defendant to pay, and did pay, to said defendant the sum of $2.70 more per car than said defendant had agreed in writing'', to charge and collect for the transportation service so performed. It is alleged in the complaint that at the time of the delivery of each of the shipments involved the Julian Petroleum Corporation (plaintiff's predecessor) and defendant entered into contracts of carriage in writing wherein and whereby it was provided and agreed that defendant receive said shipments and each of them for transportation subject to its classifications and tariffs in effect on the date of said contract of carriage, and said defendant received each of said shipments under and pursuant to said written contract of carriage and therein agreed to carry said shipments and each of them from point of origin to Los Angeles and thence deliver them to the Southern Pacific Company or The Atchison, Topeka and Santa Fe Railway Company for delivery to consignee at the rates and

charges it then published and had on file with the Railroad Commission of the state of California. It is further alleged that the rates which the defendant then had on file with the Railroad Commission and which were then in effect in its published tariffs and classifications were $2.70 per car less than the charges assessed. The defendant demurred to the complaint on the ground that said complaint did not state a cause of action, for the reasons, (a) that it does not appear from the complaint that the plaintiff at any time instituted proceedings before the Railroad Commission of the state of California or secured an order or decision from said commission finding that the acts complained of were in violation of section 17 or section 24 of the Public Utilities Act of the state of California; (b) that it appears from the complaint that the cause of action is barred by the statute of limitations, particularly section 71 of the Public Utilities Act of the state of California; (c) that it cannot be ascertained from said complaint wherein or whereby the plaintiff was damaged by the alleged acts of the defendant. The demurrer was sustained without leave to amend, and judgment of dismissal granted to defendant. Plaintiff appeals from the judgment.

Section 17 of the Public Utilities Act provides as follows:

''No common carrier shall charge, demand, collect or receive a greater or less or different compensation for the transportation of persons or property, or for any service in connection therewith, than the rates, fares and charges applicable to such transportation as specified in its schedules filed and in effect at the time; . . . ''

Section 24 of the Public Utilities Act provides as follows:

''(a) No common carrier subject to the provisions of this act shall charge or receive any greater compensation in the aggregate for the transportation of persons or of a like kind of property for a shorter than for a longer distance over the same line or route in the same direction, within this state, the shorter being included within the longer distance; . . . ''

Section 73 of the Public Utilities Act (Deering's Gen. Laws 1923, Act 6386) provides as follows:

''(a) In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden, or declared to be unlawful, or shall omit to do any act, matter or thing required to be done, either

by the Constitution, any law of this state, or any order or decision of the commission, such public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omission was willful, the court may in addition to the actual damages award damages for the sake of example and by way of punishment. An action to recover such loss, damage or injury may be brought in any court of competent jurisdiction by any corporation or person.''

Section 71 of the Public Utilities Act provides in part as follows:

''(a) When complaint has been made to the commission concerning any rate, fare, toll, rental or charge for any product or commodity furnished or service performed by any public utility, and the commission has found, after investigation, that the public utility has charged an unreasonable, excessive or discriminatory amount for such product, commodity or service, the commission may order that the public utility make due reparation to the complainant therefor, with interest from the date of collection; provided no discrimination will result from such reparation; . . .

''(b) If the public utility does not comply with the order for the payment of reparation within the time specified in such order, suit may be instituted in any court of competent jurisdiction to recover the same. All complaints concerning unreasonable, excessive or discriminatory charges shall be filed with the commission within two years from the time the cause of action accrues, and the petition for the enforcement of the order shall be filed in the court within one year from the date of the order of the commission.''

That defendant's first ground of demurrer was not well taken is conceded in respondent's brief. Section 73a of the Public Utilities Act, hereinbefore quoted, specifically provides that an action for damages such as involved in this case may be brought in any court of competent jurisdiction. (See *California Adjustment Co.* v. *Atchison, Topeka & Santa Fe R. R. Co.*, 179 Cal. 140 [13 A. L. R. 274, 175 Pac. 682].) The fact is indisputable that the two years' period of limitation applies as to complaints filed with the Railroad Commission. (Public Utilities Act, sec. 71.) But the courts of this state have never before, so far as we are

able to learn, been called upon to pass on the applicability of section 71 of the Public Utilities Act to cases filed *ab initio* in the state courts rather than with the California Railroad Commission.

In support of the second ground of demurrer that the cause of action arose out of certain transactions occurring more than two years prior to the date of the filing of the complaint and was therefore barred by the statute of limitations, particularly section 71 of the Public Utilities Act of the state of California, respondent urges that the Public Utilities Act should be construed similarly to the Interstate Commerce Act in so far as consistent with the laws of this state. Section 16, subdivision 3, of this act (49 U. S. C. A., sec. 16 (3), which corresponds to section 71 (b) of the Public Utilities Act of this state, provides that actions ''for recovery of overcharges . . . shall be begun or complaint filed with the commission against carriers subject to this act within three years from the time the cause of action accrues and not after . . . ''. Section 9 of the same act (49 U. S. C. A., sec. 9), which corresponds to section 73 (a) of the Public Utilities Act hereinabove quoted, provides that ''any person or persons claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the commission as hereinafter provided for, or may bring suit in his or their own behalf, for the recovery of. the damages for which such common carrier may be liable under the provisions of this chapter, in any district or circuit court of the United States of competent jurisdiction . . . ''.

It will be noted that section 71 states that these complaints with respect to such charges shall be filed *with the commission* within two years from the time the cause of action accrues. Section 16 states that actions at law shall be begun or complaints filed *with the commission* within three years from the time the cause of action accrues, and not after, and both acts provide, in section 73 (a) and section 9, respectively, that persons complaining of any damage caused by any common carrier subject to the provisions of the act may bring suit in a court of competent jurisdiction. It will further be noted that while section 16 of the Interstate Commerce Act limits the time within which actions for the recovery of overcharges shall be brought to within

three years from the time the cause of action accrues, there is no similar limitation in section 71 of the Public Utilities Act, nor in any other section thereof. Section 71 merely requires that complaint shall be filed with the commission within two years from the time the cause of action accrues, and neither section 71 nor any other section of the Public Utilities Act makes any provision whatsover as to the time within which actions at law shall be begun, as appears in section 16 of the Interstate Commerce Act. By reason of the dissimilarity in the foregoing provisions, we do not regard the authorities cited by respondent as persuasive in construing the Public Utilities Act of California in respect to those provisions. In fact, the dissimilarity itself reveals the intention of the legislature when it failed to limit the filing of court actions to the same period as the filing of complaints before the commission, which was done in the Interstate Commerce Act. In the face of such dissimilarity there is no opportunity for similar construction.

It is alleged in the complaint that the charge assessed for transportation of each of the cars involved was $2.70 per car in excess of the charges which would have been assessed had said shipments originated at a more distant point, and $2.70 per car more than defendant had agreed in writing in its contract of carriage to charge and collect for the transportation service so performed. This was a violation of the long and short haul provision of section 24 of the Public Utilities Act and, therefore, the question involved in this case so far as the violation of section 24 of the Public Utilities Act is concerned is identical with the question involved in *Southern Pac. Co.* v. *Superior Court,* 27 Cal. App. 240 [150 Pac. 397], where the court said, page 255: "The record here shows that the demand actually was founded upon the claim that the plaintiff's assignor had been compelled to pay a charge which was illegal in that it was in violation of the 'long-and-short haul' clause of the state Constitution. If the charge was thus in conflict with the Constitution, it was a charge beyond the jurisdiction of the railroad commission, because it was a charge that the railroad commission could not legalize after it was made and paid, however just the amount might seem to be—conceding that it could legalize any subsequent charges. The jurisdiction to pass upon an alleged illegal charge

of this kind is necessarily vested in the courts, because the law has provided no other source of relief."

In *California Adjustment Co.* v. *Southern Pac. Co.*, 226 Fed. 349, the court said, in' passing upon the applicability of section 71 of the Public Utilities Act to such a cause of action:

"But this section has reference, when properly construed, only to instances where the question whether the carrier has charged an excessive or discriminatory rate is dependent upon facts to be ascertained from an investigation upon evidence taken by the Commission, as in *Texas & Pac. Ry. Co.* v. *Abilene etc. Co.*, 204 U. S. 426 [9 Ann. Cas. 1075, 51 L. Ed. 553, 27 Sup. Ct. Rep. 350, see, also, Rose's U. S. Notes], and *Robinson* v. *Baltimore & O. R. R.,* 222 U. S. 506 [56 L. Ed. 288, 32 Sup. Ct. Rep. 114]. It can have no application to an instance where, as here, if the overcharge was made as alleged, it was unwarranted as matter of law. In such case the rate 'was unlawful under any pretense or for any cause', and was not a question to be referred to the Commission (*Pennsylvania R. R. Co.* v. *International Coal Co.*, 230 U. S. 184 [Ann. Cas. 1915A, 315, 57 L. Ed. 1446, 33 Sup. Ct. Rep. 893], but falls within the provisions of section 73, subdivision 'a', of the Utilities Act, which authorizes the aggrieved party to prosecute an action in the courts for any loss or injury arising from a failure of the carrier to do any act or thing required to be done by the Constitution or any law of the state or any order or decision of the Commission."

The foregoing case was reviewed by the Circuit Court of Appeals in *Southern Pac. Co.* v. *California Adjustment Co.*, 237 Fed. 954, wherein the court said, page 965:

"We think that the court below properly ruled that this section has referred only to instances where the question whether the carrier had charged an excessive or discriminatory rate is dependent upon facts to be ascertained from investigation, upon evidence taken by the Commission. . . . The legislature, it may be presumed, did not intend that the plaintiff in such a case as this was required to do a useless and idle act. The facts in this case, if presented to the Commission, would have afforded no ground for its action. There was no occasion for the exercise of the powers lodged in the Commission as an administrative body, and there was

no question of permissible discrimination based upon differences in conditions. There was nothing as to which the Commission could make a reparation order. The measure of the plaintiff's damages was fixed by the very nature of the transactions. There was no issue as to the measure of damages upon which testimony could have been taken before the Commission, as there has been none upon which testimony was in fact taken in the court below. The plaintiff's right to recover depends upon a question of law. The statute which is applicable here is section 73 (a) of the Public Utilities Act.''

In *California Adjustment Co.* v. *Atchison etc. R. R.*, 179 Cal. 140, it was said, page 145 [13 A. L. R. 274, 175 Pac. 682] :

''When a charge has been paid to a carrier, or a demand exacted in violation of the long and short haul clause of the Constitution, there is nothing which can call for the action of the railroad commission. As the transaction fixes conclusively the liability of the carrier, the transaction itself furnishes the measure of damages which the shipper suffered as soon as it occurred, and the commission could neither decrease nor enlarge it. The Constitution by prohibiting the discrimination determines conclusively that a violation of it shall be unwarranted and unjustified as matter of law, and as this is a legal question the commission can have nothing to do with it. It is a question for the courts, as is recognized by the Public Utilities Act itself, and the right of the shipper comes within the terms of section 73, subdivision a, of that act, which authorizes an aggrieved party to prosecute an action in the courts for any loss or injury arising from a failure of a carrier to do any act or thing required to be done by the Constitution or any law of the state or any order or decision of the commission.''

We conclude, therefore, that the Railroad Commission has no jurisdiction over charges so unlawfully collected, and that section 71 of the Public Utilities Act, prescribing a period of limitation for the filing of complaints with the Railroad Commission, can have no application to this character of action, which is not within the jurisdiction of the commission.

■ It remains then to determine what statute of limitations applies to a case of this character. Respondent urges that an action to recover an overcharge on a contract of carriage is an action founded upon an instrument in writing, and that the four-year statute of limitations applies under the provisions of section 337 of the Code of Civil Procedure. Respondent cites the case of *Houston & T. C. Ry. Co.* v. *Southern Architectural Cement Stone Co.*, 112 Tex. 139 [245 S. W. 644], holding that an action to recover a tariff overcharge was founded upon a contract in writing, and that therefore the four-year statute, and not the two-year statute of limitations, applied. In California it has been held in the *Pioneer Fruit Co.* v. *Southern Pac. Co.*, 47 Cal. App. 44 [190 Pac. 50], that a bill of lading is not only a receipt for the goods consigned to the carrier for shipment, but also a contract between the carrier and the shipper as to the transportation and delivery of the goods to the consignee or other person therein designated, and upon the terms therein specified, and an action will lie against the carrier for a breach thereof if commenced within four years after the liability arose. This was a case in which damages were sought for insufficient icing of a carload of cherries and for unreasonable delay in shipment. In many cases it has been held that an action brought by a carrier to recover the full tariff charge, where an undercharge has been made, is an action founded on an instrument in writing. (See *New York Central Ry. Co.* v. *Mutual Orange Distributors*, 251 Fed. 230; *Oregon-Washington R. & Nav. Co.* v. *Seattle Grain Co.*, 106 Wash. 1 [178 Pac. 648]; *St. Louis Southwestern Ry. Co.* v. *Shield Grain & Coal Co.*, (Tex. Civ. App.) 220 S. W. 183.) In construing the foregoing cases, a distinction should be made between a suit brought to enforce the obligation of a contract as expressed in a written instrument and a suit brought to enforce an obligation which may in some remote way arise out of or be defined by a written instrument. Appellant here seeks to recover money paid. Certainly, the complaint does not allege any agreement in writing to return money paid. In order to be founded upon an instrument in writing, the instrument must itself contain a contract to do the thing, for the nonperformance of which the action is brought. (*McCarthy* v. *Mt. Tecarte Land Co.*, 111 Cal.

328 [43 Pac. 956]; *Thomas* v. *Pacific Beach Co.*, 115 Cal. 136 [46 Pac. 899]; *O'Brien* v. *King*, 174 Cal. 769, 772 [164 Pac. 631]; *Scrivner* v. *Woodward*, 139 Cal. 314, 316 [73 Pac. 863].) There is not alleged in the complaint any express stipulation or agreement to do the thing which the action seeks to enforce. The contract as alleged was to carry goods at the published tariff, but no written agreement to repay overcharges is alleged. The action is to recover the money paid as an overcharge. We are of the opinion that the four-year statute of limitation is not applicable.

The liability which the plaintiff seeks to enforce seems to us to arise by virtue of statute. In this connection we note the statement of our Supreme Court in *California Adjustment Co.* v. *Atchison etc. Ry. Co., supra,* at page 148:

"It is quite apparent, we think, from these provisions of the two acts, respectively of 1909 and 1911, and the Public Utilities Act of 1911, that a right of action is conferred on any person injured by discrimination through a violation of the long and short haul clause of the Constitution and without any regard to whether a right of action existed at common law or not."

It follows that the action must be brought within three years. (Code Civ. Proc., sec. 338, subd. 1.) As the present action was brought later than this, the demurrer was properly sustained.

In respect to the third ground of demurrer, that it cannot be ascertained from the complaint wherein or whereby plaintiff was damaged by the alleged acts of the defendant, the point was decided adversely to the demurrant in *California Adjustment Co.* v. *Atchison etc. Ry. Co., supra.*

Under the provisions of section 17 of the Public Utilities Act the measure of damages for the collection of a rate in excess of that provided in a tariff is necessarily the difference between the rate assessed and that which was applicable.

It appearing from the allegations of the complaint that all of the shipments were made more than three years prior to the filing of the complaint, the judgment is ordered affirmed, the respondent to have costs on appeal.

Shaw, J., and Bishop, J., concurred.