[Civ. No. 7162. Second Appellate District, Division One.—March 21, 1932.]

JOHN A. DUNN COMPANY (a Corporation), Respondent, v. C. F. WEBER & COMPANY (a Corporation), Appellant.

Lawler & Degnan for Appellant.

Samuel A. Miller and Albert L. Hershman for Respondent.

CONREY, P. J.—In this action to recover possession of 2,000 chairs, bearing the manufacturer's mark of plaintiff, judgment was entered against defendant for possession of

said chairs, or $4,990, the value thereof, with costs. From this judgment defendant appeals.

It is contended by appellant that the judgment should be reversed because the plaintiff did not have title to the goods in question at the time of commencement of this action (that is, on August 22, 1927) ; and because title to the goods vested finally in the defendant on or about March 19, 1927; and because the evidence is insufficient to support certain specified findings, to wit: (a) "That at all the times mentioned in plaintiff's complaint, the plaintiff exercised control and dominion over all of said chairs, including the chairs not shipped and the chairs delivered to the defendant C. F. Weber & Company at Los Angeles, California." (b) "That it was the intention of the plaintiff John A. Dunn Company and the Standard School Equipment Company that the title to all or any part of said 4000 eighteen-inch teacher's chairs should not pass to said Standard School Equipment Company until the said Standard School Equipment Company accepted same and made payment therefor." (c) "That, subsequent to December 28, 1926, no agreement for the sale of said 1,996 chairs delivered at Los Angeles was made between the plaintiff and the Standard School Equipment Company or C. F. Weber & Company, or both, nor did the plaintiff consent to any alleged sale of said personal property to the defendant by the said Standard School Equipment Company."

The defendant was a furniture dealer at Los Angeles. Standard School Equipment Company was a corporation having its principal place of business at Louisville, Kentucky, and engaged in the business of selling school furniture to local dealers. Standard School Equipment Company obtained its wares by purchase from manufacturers of school furniture. In July, 1926, appellant entered into a contract with the board of education of the city of Los Angeles to furnish to said board of education 4,000 eighteen-inch chairs, conforming to a certain specification and sample. Appellant then entered into a contract with Standard School Equipment Company by which the company agreed to furnish and sell to appellant the required 4,000 chairs. Next, Standard School Equipment Company entered into a contract with respondent whereby respondent agreed to manufacture 4,000 eighteen-inch chairs known as

teachers' chairs, as per sample submitted to appellant and said board of education. Respondent manufactured 4,000 chairs in purported compliance with the order. In accordance with instructions from Standard School Equipment Company, the first shipment (1996 chairs), was sent by steamship, "collect freight", to appellant at Los Angeles. The bill of lading was made out to appellant as consignee, and was sent by respondent to Standard School Equipment Company, which in turn forwarded same to appellant. Appellant paid the freight and took the chairs into its possession, and then offered delivery of said chairs to the board of education. The board of education rejected the chairs for nonconformity to specifications. Thereupon Weber & Company "refused the chairs" to Standard School Equipment Company, which in turn "rejected" them to Dunn & Company. Then followed a long series of correspondence and personal negotiations between the several interested parties and their representatives, in an endeavor to adjust the difficulties which arose out of the rejection of the chairs. The failure of these negotiations resulted ultimately in the filing of this action. By claim and delivery proceedings at the commencement of the action, the chairs were taken from appellant and delivered to respondent, by whom they have been sold.

The order sent by Standard School Equipment Company to plaintiff was written in the form of four separate orders all dated August 11, 1926, each order being for 1,000 chairs (an estimated carload), with separate indicated shipping dates. Each order directed that the goods be shipped according to instructions, "and charge same to our account". Each order directed that bill of lading be made in the name of defendant and be shipped to defendant at Los Angeles. In conformity with these orders plaintiff manufactured 4,000 chairs of which those which are the subject of this action constituted the first two and only shipments made. The other 2,000 chairs were never shipped to defendant, but were ultimately sold by Dunn & Company through other agencies.

It is at once perceived that if by virtue of the foregoing transactions the manufacturer lost title to the chairs, it did so by passing title to Standard School Equipment Company as purchaser, by delivery of the goods to the consignee

designated by the purchaser, and by making such sale and delivery upon credit extended to the purchaser. Respondent in support of its claim that it retained title to the goods relies first upon the rule that in the absence of agreement as to time of payment, or when time of payment is left indefinite, the law implies that it is to be upon the delivery of the goods; next, upon the rule that a sale on credit implies that the purchaser is to have the property on his assuming to pay therefor and before actual payment (it being insisted by respondent that in this instance Standard School Equipment Company did not assume responsibility for payment of the purchase price); next, that a bill of lading does not have the effect of passing title where the evidence clearly shows a contrary intention (it being here insisted that the evidence does clearly show a contrary intention).

■ We are of the opinion that the transactions which have been herein described establish a completed sale of the 1996 chairs by plaintiff to Standard School Equipment Company, and by that company to the defendant. They are *prima facie* sufficient, and necessarily sufficient, to constitute such sale in the absence of any evidence showing that in filling the order and delivering the goods plaintiff did not intend that title should pass. We think that there is an entire absence of evidence to prove that this was a "cash on delivery" sale, or that plaintiff intended to retain title until the bill was paid. This is a possessory action, and the circumstances are such that the plaintiff was required to prove ownership of the property as a necessary foundation of its claim to the right of possession.

Since we have arrived at the conclusion that ownership of the chairs vested in the defendant at the time when it paid the freight and took the chairs into its possession, it necessarily follows that the plaintiff's action must fail unless we can find in the evidence some proof of a rescission of the sale, whereby title was revested in the plaintiff. We are unable to discover any such rescission by consent of the parties, or any proof of facts which entitle either of the parties to force a rescission without consent. Equally we are unable to discover any such tender of the goods, or other action on the part of the defendant, as would constitute rescission of the sale, even if the defendant had acquired

a right of rescission. We are forced to the conclusion that in bringing this action the plaintiff has mistaken its remedy.

With respect to the findings: We think that the evidence is insufficient to support the finding that at all times mentioned in the complaint the plaintiff exercised control and dominion over the said chairs delivered to the defendant; and is insufficient to support the finding that it was the intention of the plaintiff and of the Equipment Company that the title to the said chairs should not pass to the Equipment Company until that company accepted the same and made payment therefor; and is insufficient to support the finding that in all written correspondence between the Equipment Company and the plaintiff, relative to the sale and purchase of said chairs, no mention of terms or method of payment was made.

There is a further contention on the part of appellant that certain negotiations conducted between the several parties in March, 1927, constituted a settlement of the controversy, and that thereby there was a resale of the chairs to the defendant. If we are right in our decision with reference to the effect of the previous transactions, it is not necessary to enter into a discussion of this question.

The judgment is reversed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 19, 1932.