[Civ. No. 14920.　First Dist., Div. Two.　May 12, 1952.]

E. M. MASON, Appellant, v. ROLANDO LUMBER COM-
PANY (a Corporation), Respondent.

Aaron M. Sargent for Appellant.

Harry Corvin, Albert Picard and Raymond N. Baker for Respondent.

DOOLING, J.—Plaintiff and appellant as the assignee of Homn Lumber Company, a partnership, sued defendant for the conversion of six truckloads of lumber. Judgment went for defendant after a trial to the court without a jury. Only five truckloads of lumber are involved on this appeal since the evidence disclosed that the sixth had been delivered to another party.

The assignors, hereinafter called Homn, were engaged in cutting and selling lumber. According to the testimony of Nowlin, one of the partners in Homn, one Anderson, whom the evidence shows to have been a wholesale dealer in lumber, was introduced to Nowlin by Espinosa, an independent truck operator. According to Nowlin, in which he was corroborated by Espinosa, Anderson represented that he was an agent of defendant and offered to buy an unspecified quantity of fir lumber from Homn for defendant at $45 per thousand feet F.O.B. mill, the lumber to be sent direct to defendant, to which Nowlin agreed. Nowlin further testified that it was agreed that he was to send a copy of the tally sheets to Anderson showing the quantity of lumber shipped to defendant because Anderson told him that he would see that Homn would get their money faster that way.

The five truckloads of lumber were shipped by Homn direct to defendant by Espinosa's trucks with tally sheets and freight bills showing Homn as shipper and defendant as consignee. The shipping receipts were altered by the addition of Anderson's name thereto without the knowledge of Homn or the defendant, presumably by Espinosa's trucker. No bills were sent to defendant by Homn although the usual custom of the trade was to bill the purchaser within 10 days and a 2 per cent discount was allowed in the trade for payment within that time.

Anderson was not in fact an agent for defendant and represented to defendant that he was purchasing the lumber from Homn and reselling it to defendant and defendant paid Anderson in full for the five truckloads of lumber. Anderson sent his personal check to Homn for the first two truckloads of lumber at $45 per thousand less 2 per cent, which Nowlin endorsed and deposited in the bank. This check was returned because there were not sufficient funds in Anderson's account to meet it. Nowlin then during several weeks unsuccessfully tried to get in touch with Anderson and finally succeeded and thereupon for the first time Nowlin appeared at the office of defendant where he saw Miss Lagomarsino, defendant's secretary-treasurer. Miss Lagomarsino testified that Nowlin told her that he had an appointment to meet Anderson there and when Anderson failed to appear Nowlin said: "that Mr. Spence Anderson had not paid for the lumber that was delivered to us." Miss Lagomarsino told Nowlin that they had paid Anderson for the lumber and asked Nowlin "why he didn't question us as soon as the bill became due and it was not paid, if it was transacted through him. And all our transactions were through Spence Anderson. We didn't know of any Homn Lumber Company until this matter came up." To this Nowlin replied: "he would see if he could get hold of Mr. Anderson at a later date," and left. A few days later Homn sent a bill for the lumber to defendant on the letterhead of their attorney. Anderson was dead at the time of trial. It further appeared that the first time the lumber was charged to defendant on Homn's books was some time after Anderson's check had been returned unpaid.

It is appellant's primary claim that since Nowlin's and Espinosa's testimony as to the conversation with Anderson is uncontradicted the court's finding that the lumber was sold to Anderson and by him resold to defendant is con-

trary to the evidence. Appellant overlooks the fact that a reasonable inference drawn from circumstantial evidence will support a finding against direct evidence to the contrary. (*Gray* v. *Southern Pac. Co.*, 23 Cal.2d 632, 640-641 [145 P.2d 561]; *Hicks* v. *Reis*, 21 Cal.2d 654, 659-661 [134 P.2d 788].)

The entire course of conduct above outlined furnishes reasonable grounds for the inference that Nowlin, acting for Homn, considered Anderson the buyer and not defendant and that only after all attempts to collect from Anderson proved futile did Nowlin for the first time seek to impose a liability on defendant.

Appellant argues that the shipping receipts are bills of lading which cannot be contradicted by parol. A bill of lading is a contract between the shipper and the carrier (*Pioneer Fruit Co.* v. *Southern Pac. Co.*, 47 Cal.App. 44, 46 [190 P. 50]) and the parol evidence rule does not prevent defendant, not a party to that contract, from showing the true situation with respect to title to the goods. (10 Cal.Jur. 198-199.)

Appellant further argues that the contract lacked mutuality and was too uncertain to be enforced. ██ ██ Though an executory contract may be unenforceable because of lack of mutuality or uncertainty that defense is no longer available where the contract has been executed, as here by the delivery of the lumber pursuant to its terms (*Vitagraph, Inc.* v. *Liberty Theatres Co.*, 197 Cal. 694, 701 [242 P. 709]; *Hunter* v. *Sparling*, 87 Cal.App.2d 711, 725 [197 P.2d 807]; *Klein* v. *Farmer*, 85 Cal.App.2d 545, 555 [194 P.2d 106]; *Auto Spring Repairer Co.* v. *Mutual Auto Accessories Co.*, 72 Misc. 402 [130 N.Y.S. 140]; *Joseph Schlitz Brewing Co.* v. *Missouri Poultry & Game Co.*, 287 Mo. 400 [229 S.W. 813]; 46 Am.Jur. 261-262) and the seller's delivery to a third person by direction of the buyer is effective to transfer title to the buyer (*Francis* v. *Merkley*, 59 Cal.App. 196 [210 P. 437]; *Pray* v. *Trower Lbr. Co.*, 101 Cal.App. 482 [281 P. 1036]; *John A. Dunn Co.* v. *C. F. Weber & Co.*, 122 Cal.App. 45 [9 P.2d 511]; 46 Am.Jur. 604).

There is nothing to the argument that the contract was within the statute of frauds since the receipt and acceptance of the goods satisfies the statute. (Civ. Code, §§ 1624a, 1724.)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.