[Civ. No. 1776. Fifth Dist. Sept. 5; 1973.]

DAIRYMAN'S COOPERATIVE CREAMERY ASSOCIATION,
Plaintiff and Respondent, v.
JERRY LEIPOLD, Defendant and Appellant.

## COUNSEL

C. Richard Maddox for Defendant and Appellant.

Soares, Rawson & Silveira, Joseph L. Soares, Brian M. Rowson and William Silveira, Jr., for Plaintiff and Respondent.

## OPINION

**GARGANO, J.**—The Dairyman's Cooperative Creamery Association, hereafter called the Co-op, brought this action, in common count, to recover the sum of $10,912.50 from appellant, Jerry Leipold; the common count was allegedly predicated on appellant's oral agreement to purchase 450 bags of dry milk powder from the Co-op.

In defending the action in the court below, appellant, who is a broker, did not deny that he ordered the milk powder from the Co-op. He took the position that he was not obligated to pay for the powder because he had dealt with the Co-op as a broker, not as a principal. He also took the position that the oral agreement was unenforceable under the statute of frauds. This statute is set forth in section 2201 of the California Commercial Code and reads in pertinent part as follows:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subdivision (1) against such party unless written notice of objection to its contents is given within 10 days after it is received.

"(3) A contract which does not satisfy the requirements of subdivision (1) but which is valid in other respects is enforceable.

". . . . . . . . . . . . . . . . . . .

"(c) With respect to goods for which payment has been made and accepted or which have been received and accepted."

After court trial, the trial judge gave notice of his intended decision as required by rule 232, subdivision (a), of the California Rules of Court. When neither side requested findings of fact and conclusions of law, the court entered judgment in favor of the Co-op for the sum of $10,912.50 plus interest as prayed for in the complaint. Appellant has appealed, challenging the sufficiency of the evidence to support the judgment. His attack centers on the court's notice of intended decision which reads as follows: ". . .

Although there was a conflict in the evidence, the best evidence indicates that plaintiff contracted the sale with the defendant as a principal and not as an agent. This is corroborated by both the shipping order (plaintiff's exhibit No. 1) and the invoice (plaintiff's exhibit No. 2). The contract of sale is excluded from the Statute of Frauds under section 2201, subdivision 2, since the parties were contracting as merchants, and the invoice was sent directly to defendant, which was a confirmation of the terms and conditions of the sale, and the defendant failed to make written objection to its contents within ten days as required."

■ There was ample evidence for the trial judge to find that appellant orally contracted to buy the 450 bags of dry milk powder from the Co-op as a principal and that he personally agreed to pay the purchase price.

Gary Gilman, a Co-op sales representative in the Los Angeles area, testified that in early August 1968 he received a telephone call from appellant, a broker, who requested prices on "dry milk powder." The witness said in a subsequent call they discussed a brokerage allowance and that appellant asked if the client could be billed directly. Gilman informed appellant that all sales were made directly to brokers and that the general manager was the only person who could authorize a change in the Co-op's policy.

George M. DeMedeiros, the Co-op's general manager, testified that appellant telephoned him in August; appellant stated that he was a broker and inquired as to the conditions upon which the Co-op would sell a broker milk powder. DeMedeiros told appellant that the Co-op sold through brokers and that the brokerage was "a quarter of a cent"; he said he explained to appellant that the Co-op did not wish to become involved with the broker's customers and that it was its policy to bill the broker and hold him responsible for the account. Appellant then ordered 450 bags of powdered milk and directed that delivery be made to West Pac at 6860 Oran Circle, Buena Park, California.

There is merit, however, to appellant's contention that there was no substantial evidence to support the trial court's implied finding that the oral agreement fell within the exception of subdivision (2) of section 2201 of the Commercial Code. Although the copy of the shipping order shows that the milk powder was billed to Jerry Leipold, and although the copy of the invoice which followed the shipping order also shows that it was billed to him, there is no evidence in the record from which it can be inferred that appellant received the duplicate originals of those documents. The Co-op offered no evidence to prove that the shipping order and the invoice were delivered to appellant personally or that the documents were placed in envelopes, correctly addressed to appellant, and properly mailed to him. (See

Evid. Code, § 641; *Tremayne* v. *American SMW Corp.,* 125 Cal.App.2d 852 [271 P.2d 229].)

■ We affirm the judgment for another reason; appellant's oral agreement falls within the exception articulated in subparagraph (c) of subdivision (3) of section 2201. The milk powder was delivered to West Pac at the direction of appellant, and an officer of that company testified that the powder was received and accepted by the company. It has long been the rule of this state that the seller's delivery of goods to a third person at the direction of the buyer is effective to transfer title to the buyer. (*Francis* v. *Merkley,* 59 Cal.App. 196, 198-199 [210 P. 437]; *Pray* v. *Trower Lumber Co.,* 101 Cal.App. 482, 488 [281 P. 1036].) The receipt and acceptance of the milk powder by West Pac satisfied the statute. (*Mason* v. *Rolando Lumber Co.,* 111 Cal.App.2d 79, 82 [243 P.2d 814].)

■ Appellant insists that before an oral agreement involving the sale of goods at a purchase price in excess of $500 can come within the exception of subparagraph (c), the receipt and acceptance of the goods must be by the buyer himself or his authorized agent, not some unrelated third party. He suggests, apparently, that the Commercial Code has changed the decisional law of this state.

Appellant's interpretation of section 2201, subdivision (3), subparagraph (c), is not in harmony with the prevailing viewpoint. As is stated in 37 Corpus Juris Secundum, Statute of Frauds, section 159, page 641, "[w]hen delivery [of goods] is made to a third person, under the direction of the buyer that such shall be done, this is sufficient to take the case out of the statute." Neither does appellant's interpretation of the Commercial Code conform to principles of liberal construction. The code was adopted to simplify, clarify and modernize the law governing commercial transactions and to permit the continued expansion of commercial practices to custom, usage and agreement of the parties; its provisions, therefore, must be liberally construed so as to attain these objectives. (Com. Code, § 1102; Lattin, *Uniform Commercial Code, Article 2 on Sales: Some Observations on Four Fundamentals,* 16 Hastings L.J. 551, 552.) The case of *Mason* v. *Rolando Lumber Co., supra,* 111 Cal.App.2d 79, expounds the prevailing viewpoint, attains the Commercial Code's objectives and is authoritative.

Appellant also suggests that we are bound by the court's notice of intended decision.

■ It is settled that an oral or written opinion by a trial judge is not itself a decision of the court or a judgment and cannot be used to challenge the judgment or express findings. (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 5, p. 3185.) ■ Because neither side requested findings of

fact and conclusions of law, we must assume that the court found all the facts necessary to support the judgment. (Code Civ. Proc., § 632; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 310, p. 3118.)

The judgment is affirmed.

Brown (G. A.), P. J., and Franson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 31, 1973.