**LOS ANGELES PAPER BAG COMPANY, Appellant,**

v.

**JAMES TALCOTT, INC., a New York Corporation, Appellee.**

**No. 77–2496.**

United States Court of Appeals, Ninth Circuit.

Sept. 12, 1979.

---

Dean Estep (argued), Phoenix, Ariz., for appellant.

Richard Calvin Cooledge (argued), Brown & Bain, Phoenix, Ariz., for appellee.

Before ELY and KENNEDY, Circuit Judges, and ORRICK,* District Judge.

ELY, Circuit Judge:

Appellant, Los Angeles Paper Bag Co. ("Paper Bag"), appeals from a summary judgment order, entered on stipulated facts, awarding $21,851.21 in interpleaded funds to appellee, James Talcott, Inc. ("Talcott"). The District Court's award to appellee was based on its construction of Arizona law relating to the conflicting rights of an unpaid cash seller in goods delivered at the buyer's direction to a third party and of a secured party who holds a perfected security interest in the buyer's inventory and accounts receivable in those same goods and in the proceeds derived therefrom. The District Court held that, under Arizona law, the interest of the unpaid cash seller, Paper Bag, was subordinate to the interest of the holder of the validly perfected security interest, Talcott. We affirm.

## I.

In March of 1974, Talcott and Ace Paper Products ("Ace") entered into a financing agreement whereby Talcott agreed to make loans to Ace and Ace, in turn, granted Talcott a security interest in its inventory, after-acquired property, and accounts receivable. The security agreement was duly recorded. At the time of Talcott's motion for summary judgment in this action, Ace owed Talcott $67,837.35.

In June and July of 1976, plaintiff-in-interpleader, Fry's Food Stores of Arizona, Inc. ("Fry's"), made a purchase order for paper goods from Ace. Ace, in turn, ordered the goods from Paper Bag. Paper Bag, pursuant to instructions received from Ace, shipped the goods directly to Fry's. Ace's order for the paper goods was accompanied by a check drawn in the amount of $20,343.47 as full payment. That check was subsequently dishonored upon presentment. Paper Bag has yet to receive payment for the paper goods it sent on orders from Ace.[1]

Having been informed by Paper Bag and Talcott of each party's competing demands for payment, and not yet having paid Ace for the paper goods delivered directly to it at Ace's direction, Fry's filed this action in interpleader seeking a judicial determination as to who was entitled to payment.

## II.

We hold that the District Court, in its April 25, 1977, judgment, correctly anticipated the subsequent controlling Arizona Supreme Court decision in *General Electric Credit Corp. v. Tidwell Industries, Inc.,* 115 Ariz. 362, 565 P.2d 868 (1977) (*en banc*). In that decision, the court held that an inventory and accounts receivable financer had the status of a protected "good faith purchaser" within the meaning of A.R.S. § 44–2348 [U.C.C. § 2–403],[2] and the secured

---

* The Honorable William H. Orrick, United States District Judge for the Northern District of California, sitting by designation.

1. By separate suit, appellant obtained a judgment on November 29, 1976, against Ace for the full purchase price of the delivered paper goods. That judgment remains unsatisfied.

2. A.R.S. § 44–2348 [U.C.C. § 2–403] reads, in relevant part, as follows:
§ 44–2348. Power to transfer; good faith purchase of goods; "entrusting"

A. A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
1. The transferor was deceived as to the identity of the purchaser, or

lender's interest in goods delivered to the buyer was superior to the interest of the unpaid cash seller of the goods. *Id.* at 365, 565 P.2d at 871.[3] *See, In re Samuels,* 526 F.2d 1238 (5th Cir. 1976) (*en banc*) (held, interest of unpaid cash seller subordinate to interest of holder of perfected security interest in those same goods and proceeds received from the sale of those goods).[4]

Paper Bag argues that Talcott's security interest never attached to the paper goods which were delivered to Fry's because the goods never became inventory in the physical possession of Ace. We do not find this to be a material distinction.

■ In substance, if not in form, the transaction at issue here is just the same as if the paper goods had been warehoused temporarily by Ace and then delivered to Fry's. Delivery of goods to a third party pursuant to a buyer's instructions is sufficient delivery to pass whatever rights and title the buyer might have had in the goods to the third party, just as if the delivery had been made by the buyer himself. *Dairyman's Cooperative Creamery Association v. Leipold,* 34 Cal.App.3d 184, 188, 109 Cal.Rptr. 753, 755 (1973); *Mason v. Rolando Lumber Co.,* 111 Cal.App.2d 79, 82, 243 P.2d 814, 815 (1952). *Cf. State ex rel. Frohmiller v. Hendrix,* 56 Ariz. 342, 346, 107 P.2d 1078, 1080 (1940) (held, delivery to buyer's carrier pursuant to buyer's instructions sufficient to pass title). Upon delivery of the goods to Fry's, Ace had a right to receive payment for the paper goods, and, at that moment, Talcott's perfected security interest in Ace's new account receivable attached.

AFFIRMED.

2. The delivery was in exchange for a check which is later dishonored, or
3. It was agreed that the transaction was to be a "cash sale", or
4. The delivery was procured through fraud punishable as larcenous under the criminal law.

**3.** *See also General Electric Credit Corp. v. Town & Country Mobile Homes,* 117 Ariz. 562, 574 P.2d 50 (App.1977).

**4.** The decisions which have construed U.S.C. § 2–403 [A.R.S. § 44–2348] as favoring the secured lender over the reclaiming unpaid cash seller have not escaped criticism. *See* Note, *The Rights of Reclaiming Cash Sellers When Contested by Secured Creditors of the Buyer,* 77 Colum.L.Rev. 934 (1977).