**In the Matter of McLOUTH STEEL CORPORATION, a Michigan corporation, Debtor.**

**PETROLEUM SPECIALTIES, INC., a Michigan corporation, Plaintiff,**

v.

**McLOUTH STEEL CORPORATION, a Michigan corporation, Defendant.**

**Bankruptcy No. 81–07001–W. Adv. No. 82–0485.**

United States Bankruptcy Court, E. D. Michigan, S. D.

Aug. 31, 1982.

Richard E. Fellrath, Detroit, Mich., for plaintiff.

Philip M. Frost, Detroit, Mich., for defendant.

David D. Murphy, Detroit, Mich., for Secured Lenders.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

The issue before the Court is whether National Bank of Detroit (NBD) is a good faith purchaser and thus within the exception to the right of reclamation granted by § 2–702 of the Uniform Commercial Code.

McLouth Steel Corporation (McLouth) filed for relief under Chapter 11 on December 8, 1981. On December 10, 1981, Petroleum Specialties, Inc. (Petroleum Specialties) made a demand for reclamation of products delivered to McLouth pursuant to § 2–702. On May 6, 1982, NBD intervened in the action as an agent for the secured lenders.

The parties have stipulated that: (1) Petroleum Specialties has a valid reclamation claim under § 2–702 and § 546 of the Bankruptcy Code in the amount of $23,-307.26, and (2) NBD, as agent for the secured lenders, has a valid perfected security interest in all assets of McLouth under Article 9 of the Uniform Commercial Code.

Section 2–702 of the Uniform Commercial Code provides in pertinent part:

(2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

(3) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good faith purchaser under this Article (Section 2–403). Successful reclamation of goods excludes all other remedies with respect to them.

NBD asserts that it qualifies as a good faith purchaser under 2–702(3). NBD relies on *In Re Samuels & Company*, 526 F.2d 1238 (5th Cir. 1976), *cert. denied, Stowers v. Mahon*, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d

99, 1976, and *In Re Bowman*, 25 UCCRS 738 (N.D.Ga.1978).

In *Samuels*, the Fifth Circuit held that under the Uniform Commercial Code the interest of an unpaid cash seller in goods already delivered to a buyer is subordinate to the interest of a holder of a perfected security interest in those same goods. The Court reasoned that a secured creditor who has an after-acquired interest fits within the definition of "purchase" under the Code and qualifies as a good faith purchaser.

In *Bowman*, the Court held that the interest of a credit seller in goods delivered to the bankrupt is subordinate to the holder of a perfected security interest in the bankrupt's inventory with an after-acquired property clause. The Court, relying on *Samuels*, reasoned that a secured creditor qualifies as a good faith purchaser under § 2–702(3) of the Uniform Commercial Code.[1] The Court stated:

> Ga Code Ann § 109–2–403(1) provides that "[a] person with voidable title has power to transfer a good title to a good faith purchaser for value." Hence Bowman, although a defaulting buyer, could transfer good title to such a purchaser even though wrongful as to Reynolds, the seller. It is clear that a secured creditor qualifies as a "purchaser" under the UCC since Ga Code Ann § 109A–1–201(32) defines a purchase as "taking by . . . mortgage, pledge, lien, . . . or other voluntary transaction creating an interest in property." Therefore, the SBA, and its assignor, the Bank, as holders of a security interest with an after-acquired property clause in the inventory of Bowman were also "purchasers" under Ga Code Ann § 109A–2–403(1). Id. at 1242–43.

As such, they would be able to take over the reclaiming [2] credit seller Reynolds under Ga Code Ann § 109A–2–702(3).

[2] This result is mandated by the Fifth Circuit's unequivocal dicta in the case of a reclaiming cash seller versus a secured creditor in *In the Matter of Samuels & Co., Inc.*, 526 F.2d 1238, 1244 [18 UCC Rep 545, 553] (5th Cir. 1976), cert. denied, 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976) which is as follows:

"[a]lthough the Code expressly grants a *credit seller* the right and power to reclaim goods from a breaching buyer . . . the right *can never be asserted to defeat the interests of certain third parties, who have dealt with the defaulting buyer.* § 2.702(b)(c) [good faith purchaser]." (Emphasis and bracketed material added.)

*Bowman*, 25 UCCRS at 742–743.

Petroleum Specialties asserts that § 2–702(3) was not intended to protect the secured creditor of Article 9. Petroleum Specialties relies on *In Re American Food Purveyors, Inc.*, 17 UCCRS 436 (N.D.Ga.1974).

*American Food Purveyors* held that an unpaid credit seller's reclamation rights under § 2–702(2) take precedence over the rights of a secured interest in the buyer's inventory. The primary rationale for the Court's decision was that the secured creditor lacked good faith.[2] The Court emphasized that the creditor did not adequately police the debtor and that the creditor had knowledge of the impending bankruptcy but failed to give notice to the seller.

The alternative basis for the *American Food Purveyors* Court's decision was that Article 9 secured creditors were not intended to fit within § 2–702(3). The Court adopted the reasoning of *In Re Mel Golde Shoes*, 403 F.2d 658 (6th Cir. 1968), wherein the Sixth Circuit held that reclamation rights of a seller took priority over attachment liens.[3]

---

1. *See also, Los Angeles Paper Bag Co. v. James Talcott, Inc.*, 604 F.2d 38 (9th Cir. 1979); *In Re Western Farmers Ass'n*, 6 B.R. 432 (Bkrtcy.W. D.Wash.1980); *House of Stainless, Inc. v. Marshall & Ilsley Bank*, 75 Wis.2d 264, 249 N.W.2d 561 (1977), and cases and articles collected therein.

2. See, *In Re Bowman*, 25 UCCRS at 743; White and Summers, *Uniform Commercial Code* (2d edition), p. 1028.

3. In a related case, *In Re Federal's, Inc.*, 553 F.2d 509 (6th Cir. 1977), the Sixth Circuit held that the right of reclamation of a credit seller of goods was superior to the right of an insolvent buyer's trustee. Petroleum Specialties concedes that *Mel Golde Shoes* and *Federal's* "do not involve the instant issue." Plaintiff's brief at 5.

In our view, the better rule is that set forth in *Samuels* and *Bowman*: a secured creditor who has an after-acquired interest fits within the definition of purchase under the Uniform Commercial Code and so qualifies as a good faith purchaser under § 2–702(3). We read *American Food Purveyors* as holding that the secured creditor may lose despite his after-acquired property clause if he is held not to have acted in good faith.[4]

There is no evidence before this Court to indicate that NBD acted other than in good faith in its dealings with Petroleum Specialties and McLouth. We therefore hold that NBD is a good faith purchaser whose perfected security interest is superior to the reclamation rights of Petroleum Specialties, under § 2–702 of the Uniform Commercial Code and § 546 of the Bankruptcy Code.

So ordered.

4. The Court does not concur with the suggestion in *American Food Purveyors* that a secured creditor is not in good faith if he fails to police the debtor. Rather, the Court defines "good faith" as "honesty in fact". *See*, U.C.C. § 1–201(19).