## GERHART BECKER v. G. H. HULME et al.

JUDGMENT—*Garnishment—Limitation of Action.* The plaintiff, recovered judgment against one D. on the 19th of February, 1884. After the return of an execution thereon unsatisfied, an order was, in December of the same year, duly served on the defendants in this case requiring them to answer as garnishees. They answered, denying liability. More than three years after such answers were filed, this action was commenced. *Held*, That, being an action on a liability created by statute, it was barred by statute of limitations.

*Error from Barton District Court.*

THIS suit was brought in the Barton county district court by Gerhart Becker against G. H. Hulme, R. C. Bailey, and

C. F. Diffenbacker. The petition alleges that the plaintiff, on February 19, 1884, recovered a judgment against one W. B. Dunaway, for the sum of $319.20 debt and $24.27 costs, no part of which has ever been paid; that on the 4th of December, 1884, the plaintiff caused an order of garnishment to be duly issued and served on the defendants; that the defendants answered, denying that they held any property of or were indebted to said Dunaway. The petition then alleges that the defendants, at the time of making such answers, had in their possession a large amount of moneys and goods belonging to said Dunaway, and avers that on the 28th day of May, 1886, the plaintiff commenced an action against the defendants of the same nature as this action, and that the action was, at the February term, 1888, dismissed without any trial on the merits. Separate answers were filed by Hulme and Bailey, and by Diffenbacker, in each of which there is a plea of the statute of limitations. The plaintiff replied admitting that more than three years had elapsed since the defendants' answers in garnishment were filed.

*Clayton & Clayton*, for plaintiff in error.
*Wm. Osmond*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The only question we deem it necessary to consider in this case is that of the statute of limitations.

It is provided in § 18 of the code of civil procedure that

"Civil actions, other than for the recovery of real property, can only be brought within the following periods after the cause of action shall have accrued, and not afterward: . . . *Second.* Within three years: An action upon a contract not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

The only liability claimed by the plaintiff arose under the statute which provides for garnishment after judgment. The liability was such, and only such, as the statute creates. It was complete at the time the garnishees filed their answers,

though the liability of the garnishees dated from the time when the order to answer was served on them. It being a garnishment after judgment, and, under the law as it stood prior to the passage of the act of 1889, the plaintiff's remedy was by action. The liability of the defendants to him was such only as the statute creates, and must therefore be brought within three years after the cause of action accrued. The plaintiff's reply to the answers admits that more than three years had elapsed between the time when the garnishees answered and the commencement of this action. It is alleged in the petition, and reiterated in the brief, that an action was commenced on the 28th of May, 1886, which failed otherwise than on the merits. If this be true, unfortunately for the plaintiff, he has failed to incorporate in the record any proof of that fact. The case as presented in this court therefore shows that the plaintiff's right of action was barred by the statute of limitations, and the court ruled properly in sustaining a demurrer to the evidence offered by him. It is unnecessary to consider the other questions discussed in the briefs.

The judgment is affirmed.

All the Justices concurring.