No. 27,454.

HENRY MARCHETTI, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. LIMITATIONS OF ACTIONS—*New Promise—Statute Not Applicable to Torts.* Our statute (R. S. 60-312) relating to extending, by a new promise, the time for the bringing of an action, applies to actions founded on contract. It has no application to action *ex delicto.*

2. SAME—*New Promise—Tort Action Cannot Be Revived.* An action for tort once barred by the statute of limitations cannot be revived by an agreement.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY, judge. Opinion filed June 11, 1927. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *William Osmond,* of Great Bend, for the appellant.

*Thomas W. Clark,* of Pittsburg, for the appellee.

Limitation of Actions, 37 C. J. pp. 1096 n. 31, 1097 n. 44; 17 R. C. L. 894; 13 L. R. A. n. s. 912.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal by defendant from an order over-ruling its demurrer to plaintiff's petition. The legal question involved is the statute of limitations. The petition was filed March 31, 1926. The portion of it material to be considered reads as follows:

"That on or about the 19th day of August, 1921, plaintiff was employed by said defendant at said roundhouse and repair shop as boiler maker and machinist, and while engaged in the course of his duties with said defendant at said roundhouse and repair shop, the plaintiff sustained injuries to his person, whereby and on account of which the sight of his right eye was destroyed. The plaintiff claimed said injury was caused by and through the carelessness and negligence of the defendant, and filed claim therefor against said defendant for damages on the 11th day of April, 1922, which said claim was thereafter mutually agreed upon as a complete settlement, on or about the 1st day of May, 1922, by plaintiff and defendant's authorized agent and adjuster, C. M. Gladson, in the city of Pittsburg, Crawford county, Kansas, in the sum of $3,000, which said sum the said defendant, by and through its said agent and adjuster, agreed to pay plaintiff, within a week or ten days thereafter. That said agreement and settlement was orally made between said plaintiff and defendant at said time and place. That said defendant failed and neglected to pay plaintiff said sum of money at the time agreed upon, and after a long series of negotiations in relation to said agreement between said plaintiff and said defendant's agent and adjuster, C. M. Gladson, throughout the fall and winter of 1922, the years of 1923, 1924 and the winter and spring of 1925, the said defendant, by and through said agent and adjuster, C. M. Gladson, in the month of May, 1925, again agreed to pay plaintiff said sum agreed upon, as aforesaid, as a settlement of his said claim of $3,000. The exact day of the month of May, 1925, when said last promise upon said agreement was made plaintiff does not now remember and cannot allege herein."

It was alleged the $3,000 had not been paid, and plaintiff prayed judgment for that sum.

The action was filed four years seven months and twelve days after the alleged injury. If the original injury was the result of an ordinary tort the action was barred in two years (R. S. 60-306, 3d clause) from the date of the injury (*Railway Co. v. Dale*, 68 Kan. 108, 74 Pac. 596). If it was a liability created by statute, the three-year statute applies. (R. S. 60-306, 2d clause.) In either view an action for the original injury was barred long before this action was brought. If the action is regarded as founded upon the oral agreement of May 1, 1922, the three-year statute (R. S. 60-306, 2d clause)

applies, and this action was brought too late. The only agreement alleged which was within time to support the action when brought is the one made sometime in May, 1925. This is not alleged to have been in writing. It was made after the statute had run on any action for the original injury, and after the statute had run on the oral agreement of May 1, 1922. It cannot support the action on the theory that it was a renewal of the oral agreement of May 1, 1922, for it is not alleged to have been in writing signed by the party to be charged. (R. S. 60-312.) The same may be said of any of the promises alleged to have been made "throughout the fall and winter of 1922, the years 1923, 1924 and the winter and spring of 1925." None of these was in writing, signed by the party to be charged. Hence none of the renewed promises extended the three-year period of limitation for an action on the oral agreement of May 1, 1925. If the pleading be regarded as an action for the original injury, the time for the commencement of which has been extended by the agreements pleaded, it cannot be maintained. The statute for extending the time for bringing an action by a new promise (R. S. 60-312) applies only to cases "founded on contract." It does not apply to actions *ex delicto*. (*Nelson v. Petterson*, 229 Ill. 240.) Neither can an action for tort once barred by the statute of limitations be revived by an agreement. (*Holtham v. City of Detroit*, 136 Mich. 17; *Belcher v. Tacoma Eastern R. Co.*, 99 Wash. 34; *Luther and Morgan v. Payne, Agent*, 197 Ky. 359; *Hegedus v. Thomas Iron Co.*, 94 N. J. L. 292; 37 C. J. 1097; 17 R. C. L. 894.) Hence, if the pleading be considered from any view suggested, the action was barred when the petition was filed.

The judgment of the court below will be reversed with directions to sustain the demurrer to the petition.