No. 31,944

THE STATE OF KANSAS, ex rel. CLARENCE PAULSEN, County Attorney, *Appellant,* v. MINNIE MCKAY and THE AMERICAN SURETY COMPANY OF NEW YORK, *Appellees.*

(36 P. 2d 327)

Opinion filed October 6, 1934.

*Clarence Paulsen,* county attorney, and *Thomas Amory Lee,* of Topeka, for the appellant.

*Charles L. Hunt* and *Frank C. Baldwin,* both of Concordia, for the appellees; *A. J. Colt,* of Kansas City, Mo., of counsel.

The opinion of the court was delivered by

HARVEY, J.: This is an action against a former county treasurer and the surety on her bond. The trial court sustained a demurrer to the petition. Plaintiff has appealed. The principal legal question presented is the application of the statute of limitations.

The petition, filed September 30, 1933, in the name of the state, on the relation of the county attorney, alleged in substance that at

the general election in 1926 the defendant, Minnie McKay, was elected county treasurer of Cloud county; that she duly qualified and entered upon the duties of that office on the second Tuesday in October, 1927; that as such officer she received from her predecessor a sum named which, with moneys she collected and received during her term of office for taxes, fees and charges which as county treasurer it was her duty to collect and receive, made a total of $2,086,-611.18, which moneys belonged to the state, county and the several taxing districts in the county; that of this total sum she neglected and refused to pay over to her successor in office, at the close of her term on the second Tuesday in October, 1929, the sum of $8,365.81, as it was her duty to do, and since that time has not accounted for that sum or paid it over to anyone entitled to receive it, but has wrongfully and fraudulently retained it for her own use; that she fraudulently concealed her misappropriations of this sum by failing to make entries on the books of her office of moneys received and disbursed, and by making false entries in such books and in her reports, by reason of which plaintiff had no knowledge of such wrongful acts until August 31, 1933; that in qualifying for the office she gave bond unto the state of Kansas, in the sum of $50,000, with the American Surety Company, as surety, conditioned:

". . . that if the said Minnie McKay and her deputies shall pay according to law, all money which shall come to her hands as treasurer, and will render a just and true account thereof, whenever required by the law, and shall deliver over to her successors in office, or to any other person authorized by law to receive the same, all moneys, books, papers, and other things appertaining thereto or belonging to her said office, then the above obligation to be void. . . ."

By an amendment to the petition, filed December 23, 1933, it is alleged that certain false entries, statements and reports made by Minnie McKay on various dates, from December 18, 1928, to October 8, 1929, fraudulently concealed the embezzlement and conversion to her own use of the sum of $8,365.81, previously mentioned. The prayer was for judgment against both defendants for $8,365.-81, with interest at six per cent since October 12, 1929, and for costs.

Appellant first presents the question whether any statute of limitation can be invoked by defendants, since the bond sued on runs "unto the state of Kansas," and the action is brought by the state on the relation of the county attorney, in view of the general rule that statutes of limitation do not run against the state unless it is clear it was intended they should do so. (*State v. School*

*District,* 34 Kan. 237, 8 Pac. 208; *Horton v. Jones,* 110 Kan. 540, 542, 204 Pac. 1001; *State, ex rel., v. Paul and Grice,* 113 Kan. 412, 214 Pac. 245; *Sedgwick County Comm'rs v. Conners,* 121 Kan. 105, 245 Pac. 1030; *State v. Zimmerman,* 121 Kan. 346, 347, 246 Pac. 516; *Colver v. Miller,* 127 Kan. 72, 272 Pac. 106; *Nemaha County Comm'rs v. City of Seneca,* 138 Kan. 895, 28 P. 2d 1034.)

Two answers may be made to this question: (1) Here the state is the nominal party only, for the reason that the statute requires the bond to run unto the state of Kansas (R. S. 19-501). An action may be brought on the bond in the name of the state for the benefit of the county and the several taxing districts therein (*Comm'rs of Harvey Co. v. Munger,* 24 Kan. 205, 208, 209), although the county, or any of the several taxing units therein, might sue for default specifically affecting it (id.). Our statutes relating to state taxes and the obligations and liabilities of counties respecting them, which statutes are collected and commented upon in *Clay County Comm'rs v. French,* 139 Kan. 815, 817, 33 P. 2d 312, make it clear the state has no real financial interest in the matter. In an action such as this against the county treasurer and the surety on his bond the state acts for the benefit of the county and the taxing districts therein specifically affected by the defalcation of the county treasurer. In determining whether the statutes of limitation are applicable the court will look through the form of the proceeding to the real party in interest (*Horton v. Jones,* supra; *Glathart v. Madden,* 122 Kan. 563, 570-573, 253 Pac. 426). (2) The legislature, by statute (R. S. 60-306, fifth clause), has provided a limitation for actions on bonds of this character. This precludes the view that no statute of limitations is applicable. Clearly the legislature intended the appropriate statute of limitations to run on official bonds, even though by statute the state is named as obligee therein.

The next question argued is: What statute of limitations is applicable? R. S. 60-306, fifth clause, provides that an action on an official bond can only be brought within five years after the cause of action shall have accrued. This is the maximum time for bringing such an action. But the action may be barred by some of the other provisions of the statute, for they must be construed together. The bond does not give the cause of action; it simply furnishes security to those who suffer for the wrongs or delicts of the officer, the principal on the bond. It is these wrongs or delicts

of the officer which constitute the basis for cause of action. We look to those to see the time within which the action must be brought against the officer. When the action is barred as to the officer, it is barred as to his surety, for the bond being security only for the officer's conduct, when time has elapsed so the officer cannot be sued no action can be maintained on the bond. All this is well settled by our former decisions.

(*Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518; *Comm'rs of Graham Co. v. Van Slyck,* 52 Kan. 622, 35 Pac. 299; *Davis v. Clark,* 58 Kan. 454, 49 Pac. 665; *City of Topeka v. Ritchie,* 102 Kan. 384, 388, 170 Pac. 1003.)

Now the wrong or delict of the county treasurer, which by the petition is the foundation of this action, was her failure to pay to her successor in office the full amount she should have paid. The petition and its amendment allege inaccuracies in keeping the books and making reports. Whatever these were, and whatever the motive which prompted them, they would not have formed the basis of a civil action against the treasurer or her surety if, notwithstanding them, she had paid over to her successor all that should have been paid. The failure to do this is what hurt, and it is the one wrong or delict of the treasurer which furnishes the basis for this action. The statute (R. S. 19-513) requires the treasurer, upon the termination of his office, to deliver to his successor "all the books and papers belonging to his office, and all moneys in his hands by virtue of his office." The petition alleges the treasurer failed to perform that duty. The civil liability is one created by statute, and the three-year statute of limitations (R. S. 60-306, last part, second clause) applies.

(*Comm'rs of Graham Co. v. Van Slyck,* supra; *Davis v. Clark,* supra; *Cloud County v. Hostetler,* 6 Kan. App. 286; *Hawk v. Sayler,* 83 Kan. 775, 112 Pac. 602; *Pretzel v. Fiss,* 84 Kan. 720, 115 Pac. 536; *Donley v. Goll,* 132 Kan. 746, 297 Pac. 426.)

Appellant realizes the force of rules of law as stated and applied in the above cases, but contends they do not apply here because of the allegations in the petition of fraud and concealment on the part of the county treasurer, and argues this is an action for relief on the ground of fraud, which may be brought within two years after the fraud is discovered (R. S. 60-306, last portion, third clause). The trouble with this argument is that the action is not one "for relief on the ground of fraud." As above pointed out, the fraud al-

leged would have given no basis for the action if the treasurer had paid the proper amount of money to her successor. This provision of our statute of limitations is applicable only when relief is asked because of the fraud. (*Stinson v. Aultman,* 54 Kan. 537, 38 Pac. 788.) The statute "only applies when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action or to prove fraud to entitle him to relief." (Dassler's Kansas Civil Code, § 70.) Here, if there had been no fraud, the failure to pay to the successor would have afforded the same basis for the action as now exists. This cause of action existed irrespective of whether there were allegations of fraud. Under this situation the allegations of fraud and concealment made in the petition constitute matters of inducement leading up to the real defalcation of the officer which formed the basis of this action, namely, the failure to pay the full amount to her successor. (*Hawk v. Sayler,* supra.) Our statutes do not make concealment one of the grounds for tolling the statute of limitations. Perhaps that should be done, but it is the function of the legislature and not of the courts to do it. (*Railway Co. v. Grain Co.,* 68 Kan. 585, 587, 589, 75 Pac. 1051; *McAllister v. Fair,* 72 Kan. 533, 535, 84 Pac. 112; *Baxter v. Krause,* 79 Kan. 851, 853, 101 Pac. 407; *Caspar v. Lewin,* 82 Kan. 604, 627, 109 Pac. 657.)

Concealment does not toll the statute of limitations for an action founded on contract (*Railway Co. v. Grain Co.,* supra; *Pickens v. Campbell,* 98 Kan. 518, 522, 159 Pac. 21; *Rucker v. Hagar, et al.,* 117 Kan. 76, 79, 230 Pac. 70), nor for an action founded on liability created by statute (*City of Coffeyville v. Metcalf,* 134 Kan. 361, 5 P. 2d 807). In the case last cited the pertinent syllabus reads:

"Action on a liability created by statute is barred in three years (R. S. 60-306, *second*), notwithstanding existence of the cause of action is concealed by the person liable."

See, also, *Regier v. Amerada Petroleum Co.,* 139 Kan. 117, 181-183, 30 P. 2d 136, where many of the cases above cited are reviewed and followed.

Appellant cites and relies largely on *Allen v. State,* 6 Kan. App. 915, and *McMullen v. Loan Association,* 64 Kan. 298, 67 Pac. 892. These cases may readily be distinguished from the one before us. In the Allen case it is quite clear from the opinion that all the legal questions involved were not carefully treated, although the conclusion reached may be sustained, in harmony with our opinions,

on the ground that the fraud of the county clerk in falsely writing the warrants and getting the money on them was the basis of the civil action to recover the amount so obtained. That cannot be said here. The McMullen case has been distinguished in the only two of our cases in which it has been cited on this point. In *Railway Co. v. Grain Co.*, supra, it was said:

"In that case a fiduciary relation existed between the parties, McMullen being in fact an agent. . . The relation of trust and confidence placed that case in another class. . ." (p. 592.)

It also is distinguished in *City of Coffeyville v. Metcalf*, supra, where a syllabus is quoted and some of the facts stated (p. 365) which demonstrated its lack of application to the case then being considered. For similar reasons we regard it inapplicable here.

Our attention is called to the fact that some of our decisions herein cited are not in harmony with some decisions from other states having statutes similar to our own, and it is contended there is lack of harmony in our own decisions. As to this last contention, a careful examination of our cases does not disclose serious lack of harmony. It is not deemed necessary to analyze each of them. The lack of harmony in decisions from other states—some of which accord with our own and others taking a somewhat different view— has been noted in some of our cases previously cited. It is sufficient to say that *Ryus v. Gruble*, supra, was decided in 1884, and *Railway Co. v. Grain Co.*, supra, in 1904. Both cited earlier cases. So, for more than a generation, county and state officials, attorneys and jurists have known the legal principles controlling this case. Within that time the legislature has met repeatedly, yet it has never enacted that the time for bringing an action on contract, or one on liability created by statute, should be tolled by fraud or concealment. Clearly there has been no general recognition of the need of such a statute.

The judgment of the trial court is affirmed.