No. 32,046

The Board of Commissioners of the County of Montgomery, and Ira Hendrickson, County Treasurer of Montgomery County, *Appellees*, v. Mary McKittrick, *Appellant*.

(40 P. 2d 352)

Opinion filed January 26, 1935.

*P. L. Courtright*, of Independence, for the appellant.

*Warren B. Grant*, county attorney, and *Richard L. Becker*, assistant county attorney, for the appellees.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from an order overruling a demurrer.

On March 13, 1930, Mary McKittrick, appellant, was register of deeds of Montgomery county. She had collected about $1,200 of fees due the county and had deposited the same in the Commercial State Bank of Independence, pending her quarterly settlement with the county. On March 13, 1930, the bank failed. Later a settlement of the bank's affairs was made and defendant collected part of her deposit, and on March 9, 1932, she had paid the county treasurer $713.74, leaving her indebted for a balance of $488.55. On the last mentioned date she executed a written document reciting the above facts, and containing the following:

"Now, therefore, I, Mary McKittrick, register of deeds of Montgomery county, Kansas, do hereby promise to pay the county treasurer of Montgomery county, Kansas, the sum of $488.55 in six monthly installments, the entire balance may be paid at any time prior to the expiration of this period,

should that be possible, first payment to be made on the 10th day of April, 1932."

On August 5, 1933, plaintiffs filed their petition against defendant which, after formal statements, alleged the making of the above written agreement and the promise to pay the $488.55, the failure to pay, and prayed judgment therefor. A copy of the agreement was attached to the petition. To this petition defendant filed a general demurrer, which the court sustained. Thereafter the plaintiffs filed an amended petition which, after formal parts, alleged that defendant was register of deeds from January 12, 1925, to January 9, 1933, that as such register she collected fees which it was her duty to turn over to the county treasurer; that on March 13, 1930, she had in her possession $1,202.29 which it was her duty to turn over to the county treasurer; that subsequent to said date she paid the county treasurer $713.74 and that there is due and unpaid by her the sum of $488.55, with interest thereon from March 13, 1930, which sum she refused to pay; that on March 9, 1932, she acknowledged and recognized said indebtedness in writing, a true copy of the writing being attached, and being the same document heretofore referred to. Judgment was asked accordingly. Defendant filed a motion to strike the petition from the files on the ground that there was a departure and that a demurrer had been sustained to the original petition, which was denied, and she then filed a demurrer to the petition, alleging among other grounds that the petition did not state facts sufficient to constitute a cause of action, and that the petition showed on its face the statute of limitations had run against said cause of action. This demurrer was overruled. From the rulings on the motion to strike and on the demurrer, the defendant appeals.

We need consider only the question whether the claim is barred by the statute of limitations. The first proposition to be noticed is the nature of the liability of the defendant. R. S. 28-115 details the fees to be charged and collected by the register of deeds, the concluding sentence of the section reading:

"All of such fees herein provided for shall be paid by the register of deeds to the county treasurer and covered into the general fund of the county."

Under R. S. 28-123 it was the duty of the register of deeds to keep a fee book, and to keep a true and accurate account of all fees charged and collected, and on the first day of the regular session of the board of county commissioners in January, April, July and

October of each year to make out and file with the county clerk and present to the board a verified itemized account of all moneys charged and collected during the preceding quarter and the amount of fees due and uncollected, and that upon failure to keep such accounts or to make such reports, or "to pay the money due to the county as shown by such report" he shall forfeit to the county ten dollars per day for each day he shall fail to do so, and that if failure continue for fifteen days he shall forfeit his office. Other provisions of the section need not be here noticed.

The liability is one created by statute, and under the statute referred to it was the duty of the register of deeds to have made settlement with the county some day early in April, 1930, and under the provisions of R. S. 60-306 *Second* an action upon such liability could only be brought within three years. As has been noted, the first petition declared on the written instrument, and a demurrer thereto was sustained. The second or amended petition declared on the statutory liability. It was filed December 13, 1933, at which time the action would on its face be barred. To avoid the bar of the statute of limitations appellee argues that an implied contract existed between appellant and the county that she would pay the county the amount of fees collected; that R. S. 60-312, reciting as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby,"

is applicable, and should be applied; that the written document above referred to is sufficient as an acknowledgment under the last-quoted statute, and applying such statute the period of limitations would begin to run March 9, 1932, and has not yet expired.

That portion of R. S. 60-306 relied on by appellant recites:

"*Second.* Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

It will be noted that the legislature saw fit to distinguish between express and implied contracts not in writing and liabilities created by statute. Such a distinction having been made, are we warranted in reading into R. S. 60-312 words which are not found therein?

The precise point does not seem to have been heretofore discussed by this court. In *Railway Co. v. Grain Co.*, 68 Kan. 585, 75 Pac. 1051, it was held that the enumeration by the legislature of specific exceptions to a statute of limitations excludes all others, and that the provision that a cause of action for relief on the ground of fraud may be brought within a certain period after discovery has no application to an action founded on contract.

In *Marchetti v. Atchison, T. & S. F. Rly. Co.*, 123 Kan. 728, 255 Pac. 682, it was said:

"Our statute (R. S. 60-312) relating to extending, by a new promise, the time for the bringing of an action, applies to actions founded on contract. It has no application to action *ex delicto.*" (Syl. ¶ 1.)

In *State, ex rel., v. McKay*, 140 Kan. 276, 36 P. 2d 327, an action was brought against a county treasurer and the surety on her bond to recover for moneys not paid over, and an attempt was made to avoid the bar of the statute by alleging concealment by the making of false entries. In discussing the question the court said:

"Now the wrong or delict of the county treasurer, which by the petition is the foundation of this action, was her failure to pay to her successor in office the full amount she should have paid. The petition and its amendment allege inaccuracies in keeping the books and making reports. Whatever these were, and whatever the motive which prompted them, they would not have formed the basis of a civil action against the treasurer or her surety if, notwithstanding them, she had paid over to her successor all that should have been paid. The failure to do this is what hurt, and it is the one wrong or delict of the treasurer which furnishes the basis for this action. The statute (R. S. 19-513) requires the treasurer, upon the termination of his office, to deliver to his successor 'all the books and papers belonging to his office, and all moneys in his hands by virtue of his office.' The petition alleges the treasurer failed to perform that duty. The civil liability is one created by statute, and the three-year statute of limitations (R. S. 60-306, last part, second clause) applies." (p. 279.)

In the case at bar the statute required periodical settlements, and the failure to make them constituted a delict which, under the statute, bore consequence even so great as forfeiture of office, the statute further providing that nothing in the act should prevent the prosecution of such officer, under any other law, for failure, neglect or refusal to perform his official duties. An action against such an officer to compel compliance with its terms is *ex delicto* and not *ex contractu.* It is clear from the allegations of the amended petition that the plaintiffs sought to recover a statutory liability, and were not relying upon any contract, express or implied. Under

such circumstances it must be held that the action is not founded on contract, and the statute of limitations was not tolled by the written instrument mentioned.

It may here be remarked that if any action on contract, as distinguished from an action to recover a statutory liability, was contemplated or brought it was that stated in the original petition to which a demurrer was sustained, from which ruling the plaintiffs did not appeal.

Appellees present some argument that the statute of limitations does not run against the state. This contention was discussed in *State, ex rel., v. McKay,* supra, and what is said there applies here and will not be repeated.

The judgment of the lower court is reversed, and the cause remanded with instructions to sustain the demurrer.