No. 32,970

THE CITY OF LEAVENWORTH, *Appellant*, v. EARL A. HATHORN and CENTRAL SURETY AND INSURANCE CORPORATION, *Appellees.*

(58 P. 2d 1160)

Opinion filed July 3, 1936.

*Malcolm McNaughton,* of Leavenworth, for the appellant.

*Lee Bond, J. H. Kelsey,* both of Leavenworth, *H. L. McCune* and *Lynn Webb,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action by the city to recover from its secretary of waterworks, and the surety on his bond, money alleged to have been collected by him and not paid to the city treasurer. The trial court sustained defendants' demurrer to the petition and plaintiff has appealed.

The petition, filed May 12, 1934, and an amended petition filed later, briefly stated, allege that the plaintiff city operates a municipal waterworks plant; that on April 15, 1929, the defendant Hathorn was appointed secretary of waterworks for a term of two years; that his duties are prescribed by statute (R. S. 13-2403 and 13-2408) and are substantially as follows: To keep regular sets of books and waterworks accounts showing in detail the business transactions of his office; to supervise generally the office employees of that department under the direction of the superintendent; to strike a balance at the beginning of each month; to make a complete report to the city's board of commissioners monthly, showing the transactions with the departments for the preceding month and the present condition of the department, including a correct account of all collections, appropriations, expenditures and approved claims entitled to pay-

ment; to give bond conditioned for the faithful performance of his duties and the true and faithful accounting of all moneys coming into his hands by virtue of his position; and to collect all moneys due the waterworks department of the city and to deposit the same daily with the city treasurer. It is alleged that he gave bond in the sum of $5,000, as provided by law, and that the defendant Central Surety and Insurance Corporation executed such bond as surety. A copy of the bond is set out and it is conditioned that if the "said Earl A. Hathorn shall faithfully perform his duties as secretary of waterworks, and shall make a true and faithful accounting of all moneys that may come into his hands by reason of his position, then this obligation to be null and void; otherwise to be and remain in full force and effect." It alleged that within the period from April 15, 1929, to April 15, 1931, Hathorn collected money belonging to the city which he failed, neglected and refused to deliver to the city treasurer, or to his successor in office, in the total sum of $4,640.31. It is further alleged that Hathorn collected such money and failed to turn it over to the city treasurer, fraudulently and under a systematic scheme, which is outlined in much detail, and that the fraudulent scheme and devices used by him were calculated to deceive the city commissioners; that he collected such money and made such reports as agent of the city, and that all such fraudulent acts and representations were done with the intent to cheat and defraud the city, and that as a result of this he embezzled the sum above mentioned from the city and converted the same to his own use. It is further alleged that all of these things were not discovered or known by the city officials until an audit of the affairs of his office was completed on August 12, 1933.

The legal question for our determination is what statute of limitations is applicable to the action. It has been held that the civil liability resulting from the failure of an official to perform the statutory duties of his office is a liability created by statute to which the three-year statute of limitations applies (R. S. 60-306, *second*). (See *State, ex rel., v. McKay*, 140 Kan. 276, 36 P. 2d 327, and cases there cited; also, *Montgomery County Comm'rs v. McKittrick*, 141 Kan. 283, 40 P. 2d 352.) Defendants contend, and the court held, since the term of office within which the derelictions of the official arose for which recovery is sought in this case had terminated more than three years before this action was filed, that it was barred by the statute of limitations.

Appellant recognizes the force of these authorities, but contends that because of the allegations of fraud in the petition this action should be construed as one founded on fraud, which may be brought within two years after the fraud is discovered (R. S. 60-306, *third*), and that since it is alleged the fraud was not discovered until within two years of the bringing of the action it is not barred by the statute of limitations. We had that identical question before us in *State, ex rel., v. McKay*, supra. The only differences in the two cases are that the McKay case involved a county treasurer required by statute to turn over all moneys collected by him at the close of his term, while in this case the officer is the secretary of waterworks required to turn over money collected by him daily, and to make monthly reports thereof, and in this case the fraud charged is alleged in greater detail than it was in the McKay case. The legal principles governing the cases are identical. In this case, as in that, the wrong or delict of the officer was his failure to turn over moneys collected by him to the officer or person and within the time provided by statute. The failure to perform the duty imposed by statute is just as great without regard to whether it is actuated by fraud. The result is that whatever prompts the failure to perform statutory duties resulting in loss the action to recover the civil liability therefor must be brought within three years. Neither fraud nor concealment toll the statute.

Recognizing the force of our decisions above cited or referred to, appellant relies largely on *Allen v. State*, 6 Kan. App. 915, 51 Pac. 572. In the McKay case, *supra*, we attempted to distinguish this case on the facts. To the extent it cannot be so distinguished it is disapproved as being out of harmony with the other decisions of this court.

The judgment of the trial court is affirmed.