Earl D. THOMAS, Appellant,

v.

The PICK HOTELS CORPORATION,
a corporation, Appellee.

No. 5079.

United States Court of Appeals
Tenth Circuit.

July 14, 1955.

William H. Towers, Kansas City, Kan. (Elmer C. Jackson, Jr., Kansas City, Kan., and Prentice A. Townsend, Topeka, Kan., on the brief), for appellant.

William B. McElhenny, Topeka, Kan. (M. F. Cosgrove, Willard N. Van Slyck, Jr. and Doran, Kline, Cosgrove & Russell, Topeka, Kan., on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and WALLACE, District Judge.

MURRAH, Circuit Judge.

Earl D. Thomas, a Negro, sued The Pick Hotels Corporation and others for damages resulting from a denial of hotel accommodations.

The trial court sustained a motion to dismiss the amended complaint on the grounds that the action against the appellee was barred by the Kansas two-year statute of limitations, Kansas G.S.1949, 60–306(3), as one "for injury to the rights of another, not arising on contract * * *."

As we understand appellant's contentions on appeal, they are to the effect that his claim is governed by the Kansas three-year statute of limitations, Kansas G.S.1949, 60–306(2), as (1) one upon a contract, express or implied, or (2) one based upon the common law duty of an innkeeper to provide nondiscriminatory accommodations to all, or (3) as one upon a claim, the liability for which is created by the Kansas Civil Rights Statute, Kansas G.S.1949, 21–2424.

The second section of the Kansas statute of limitations provides that "an action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty" can only be brought within three years after accrual. Kansas G.S.1949, 60–306(2).

The action against this appellee hotel corporation based on diversity of citizenship and requisite amount in controversy, was commenced within three years from the accrual of the asserted claim. And if by a liberal interpretation of the pleadings, they can be said to state a claim or claims upon which relief, not barred by the three-year statute of limitations, can be granted, it is our duty to so construe them, although they may be alternatively or inconsistently stated. Blazer v. Black, 10 Cir., 196 F.2d 139; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902; Automobile Ins. Co. of Hartford, Conn. v. Barnes-Manley, etc., Co., 10 Cir., 168 F.2d 381; Clyde v. Broderick, 10 Cir., 144 F.2d 348; Machado v. McGrath, 90 U.S.App.D.C. 70, 193 F.2d 706; Stanaland v. Atlantic Coast Line R. Co., 5 Cir., 192 F.2d 432.

The pleadings are prolix and redundant and the asserted claim or claims not readily discernible. But as we summarize them they are intended to state that the defendant hotel agreed first in writing and later by telephone to provide hotel accommodations on a specified date; that when the appellant and his wife presented themselves to the hotel on the reservation date they were refused accommodations solely because of their race. The pleadings refer to an enforceable contract, express or implied, and the common law duty of an innkeeper to accommodate all members of the general public without discrimination. They also invoke the Kansas Civil Rights Statute providing for a civil action in damages for the denial of hotel accommodations because of race or color. Kansas G.S.1949, 21–2424.

Contracts for hotel accommodations are usually treated as the means for the inducement or establishment of the common law innkeeper-guest relationship, which when established creates a common law relational duty on the part

of the innkeeper, the breach of which is redressible in tort. 4 Williston on Contracts § 1070; 1 C.J.S., Actions, § 49(6); 28 Am.Jur., Innkeepers §§ 44 and 45. See Lehnen v. E. J. Hines & Co., 88 Kan. 58, 127 P. 612, 614, 42 L.R.A., N.S., 830. Treating the claim then as one arising out of the common law duty of an innkeeper to provide accommodations without discrimination, the case clearly sounds in tort, does not arise out of a contract, and is therefore clearly barred by the two-year statute of limitations. Rest.Torts, § 866, Page 386; 43 C.J.S., Innkeepers, § 10, p. 1152.

■ The Kansas Civil Rights Statute in substance forbids hotel owners or innkeepers from making any distinction on account of race or color and provides that the offending person shall be liable in damages to the person or persons injured thereby. Kansas G.S.1949, 21–2424. But the statute is merely declaratory of the common law. See Brown v. J. H. Bell Co., 146 Iowa 89, 123 N.W. 231, 124 N.W. 901, 27 L.R.A., N.S., 407; James v. Marinship Corp., 25 Cal.2d 721, 155 P. 2d 329, 160 A.L.R. 900; 10 Am.Jur., Civil Rights § 20. And it is settled that a right of action created by statute within the meaning of subsection two of the Kansas statute of limitations is one which must not have existed at common law when the statute was adopted. Fratt v. Robinson, 9 Cir., 203 F.2d 627, 37 A.L. R.2d 636; Griffen v. Cole, 60 Ariz. 83, 131 P.2d 989; 53 C.J.S., Limitations of Actions, § 83a. To be created by the statute, the action must not exist but for the statute. Baldwin v. Fenimore, 149 Kan. 825, 89 P.2d 883; City of Leavenworth v. Hathorn, 144 Kan. 340, 58 P. 2d 1160; Cannon v. Miller, 22 Wash.2d 227, 155 P.2d 500, 157 A.L.R. 530; Fratt v. Robinson, supra. Cf. Shaw v. Board of Com'rs, 126 Kan. 319, 267 P. 1096; Hollinger v. Board of Com'rs, 115 Kan. 92, 222 P. 136.

■ While the common law duty of an innkeeper to provide accommodations may have been dormant or stale in Kansas, it has never been abrogated and undoubtedly existed prior to the adoption of the statute. Indeed the complainant invokes it and relies upon it here. Moreover, we have construed the comparable Federal Civil Rights Act as giving a right of action sounding in tort, as to which the Kansas two-year statute of limitations is applicable. See Wilson v. Hinman, 10 Cir., 172 F.2d 914. It is therefore plain that treating the claim either as one arising at common law or one under the statute, it is barred by the two-year statute of limitations.

But there is nothing in the common law or the statute to preclude the parties from entering into a valid and enforceable contract for hotel accommodations. Certainly a contract of this kind is not against public policy of the State of Kansas. Indeed the statute and the common law sanction the contract by forbidding the innkeeper from making any distinction on account of race or color.

■ The complaint pleads a written contract to provide hotel accommodations on a given date subsequently modified by a telephone conversation, and it pleads an arbitrary refusal to provide such accommodations. The prayer is for damages, compensatory and punitive. But if the demand or prayer is for relief in tort, it in no way affects the right to recover on the contract, for the dimensions of a lawsuit are measured by what is pleaded and proven, not what is demanded. Blazer v. Black, 10 Cir., 196 F. 2d 139; Hamill v. Maryland Cas. Co., 10 Cir., 209 F.2d 338; Dayvault v. Baruch Oil Corp., 10 Cir., 211 F.2d 335.

■ We conclude that the complaint states a claim on an express contract to provide hotel accommodations and a breach of that contract. The claim is therefore governed by the Kansas three-year statute of limitations as one arising under a contract express or implied.

The judgment is accordingly reversed.