**Raymond E. LINDSEY, Appellant,**

v.

**COLGATE–PALMOLIVE COMPANY, a corporation, Respondent.**

No. 57095.

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

Motion for Rehearing or to Transfer to Court En Banc Denied March 12, 1973.

Lamar Dye, Kansas City, Robert Stewart, Kansas City, for appellant.

Don M. Jackson, Kansas City, for respondent; Jackson & Sherman, Kansas City, of Counsel.

SEILER, Judge.

Plaintiff appeals from the dismissal of his second amended petition in a personal injury suit as barred by the statute of limitations.[1]

Plaintiff was employed in Missouri by Chief Freight Lines, Inc., and on December 8, 1968 was sent to defendant's place of business in Kansas where he was struck by a moving forklift highloader alleged to have been negligently operated and maintained by defendant. On March 10, 1969, plaintiff filed a workmen's compensation claim in Missouri which was settled on April 22, 1969. This action was commenced on March 17, 1971, more than two but less than three years after the date of injury.

Sec. 516.190, R.S.Mo.1959, V.A.M.S.,[2] the "borrowing" statute, applies and makes the applicable Kansas statute of limitations the law of Missouri. The issue is whether K.S.A. 60–512(2),[3] providing an action upon a liability created by statute must be commenced within three years, or K.S.A. 60–513(4), as amended Laws 1968, providing an action for injury to the rights of another, except contracts, must be commenced within two years, applies. We hold it is the latter and affirm the action of the trial court dismissing the action.

Plaintiff contends the three year statute should apply because his suit is a "substitutional cause of action on an express trust created by the [Missouri] Workmen's Compensation Statute", Sec. 287.150, R.S.Mo.1959, V.A.M.S., and as such supplants the ordinary tort action plaintiff alone would have had if he and his employer had not elected to be covered by the workmen's compensation act.

In order to fall within K.S.A. 60–512, the liability cannot exist but for the statute creating it, Baldwin v. Fenimore, 149 Kan. 825, 89 P.2d 883 (1939) [decided under a predecessor statute], and the right of action must be one which did not exist at common law when the statute was adopted, Thomas v. Pick Hotels Corporation, 224 F.2d 664, 666 (10th Cir. 1955).

Sec. 287.150 of the Missouri act does not take away an employee's common law right of action against a third party for his injuries. Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913, 915 (banc 1950). Under Missouri law, either the employee, or the employer, or both may bring an action against a negligent third party for all of the employee's damages, and whoever brings the action becomes the trustee of an express trust for the benefit of the other. General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442, 446 (1932); McKenzie v. Missouri Stables, Inc., 225 Mo.App. 64, 34 S.W.2d 136, 139 (1930); O'Hanlon Reports, Inc. v. Needles, 360 S.W.2d 382, 386 (Mo.App.1962). But the liability of the defendant, if any, is based on its common law negligence regarding the employee and was not created by statute. Thus, the two year statute applies and the action is barred.

Defendant's motion to dismiss for rules violations, taken with this case is overruled.

Judgment affirmed.

All of the Judges concur.

1. This court has jurisdiction based on amount in controversy since this appeal was pending here on January 1, 1972 when the amendment to the judicial article, Art. V, of the Constitution of Missouri, V.A.M.S., took effect.

2. The statute is the same in the 1969 revised statutes.

3. K.S.A. stands for Kansas Statutes Annotated.